## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **AIDAN ANDREWS,** | : | |
| | : | |
| **JORDYN BLAKEY, and** | : | |
| | : | |
| **FIREARMS POLICY** | : | Civil Rights Complaint |
| **COALITION, INC.,** | : | 42 U.S.C. § 1983 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **STEVEN C. MCCRAW, in his** | : | Civil Action No. <u>3:21-cv-2767</u> |
| **official capacity as Director of** | : | |
| **the Texas Department of Public** | : | |
| **Safety,** | : | |
| | : | |
| **JOHN FORREST, in his official** | : | |
| **capacity as County Attorney of** | : | |
| **Parker County,** | : | |
| | : | |
| **RICHARD E. GLASER, in his** | : | |
| **official capacity as Criminal District** | : | |
| **Attorney of Fannin County, and** | : | |
| | : | |
| **J. BRETT SMITH, in his official** | : | |
| **capacity as District Attorney of** | : | |
| **Grayson County,** | : | |
| | : | |
| Defendants. | : | |

## <u>COMPLAINT</u>

COME NOW Plaintiffs Aidan Andrews, Jordyn Blakey, and Firearms Policy Coalition, Inc., by and through their attorneys, and complain of Defendants Steven C. McCraw, John Forrest, Richard E. Glaser, and J. Brett Smith as follows:

## INTRODUCTION

1.  This is an action to uphold the right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution (the "Second Amendment"). This right "guarantee[s] the individual right to possess and carry" firearms. *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

2.  In *Heller*, the United States Supreme Court defined "bear arms" as to "wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person." *Id*. at 584.

3.  In *McDonald v. City of Chicago*, 561 U.S. 742, 750, 791 (2010), the Supreme Court confirmed that the rights protected by the Second Amendment are "among those fundamental rights necessary to our system of ordered liberty," and held that the Second Amendment is applicable to the States under the Fourteenth Amendment to the United States Constitution (the "Fourteenth Amendment").

4.  "The very enumeration of the right [to keep and bear arms] takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is really worth insisting upon." *Heller*, 554 U.S. at 634. "Constitutional rights are enshrined with the scope they were understood to have when the people adopted them, whether or not future legislatures or (yes) even future judges think that scope too broad." *Id*. at 634–35.

5.  In *Heller*, the Supreme Court held that the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Heller*, 554 U.S. at 592. This right is particularly important when it comes to handguns, as the *Heller* Court recognized that the handgun is "the quintessential self-defense weapon" in the United States, and the

Court identified invalidated bans on carrying handguns as among the most "severe restriction(s)" in our Nation's history. *See id.* at 629 (citing, *e.g.*, *Nunn v. State*, 1 Ga. 243, 251 (1846)).

6.    Plaintiffs wish to exercise their fundamental, constitutionally guaranteed right to carry loaded, operable handguns on their person, outside their homes, while in public, for lawful purposes including immediate self-defense. But they cannot because of the laws, regulations, policies, practices, and customs that Defendants McCraw, Forrest, Glaser, and Smith have been enforcing and continue to actively enforce today.

7.    The State of Texas prohibits a certain class of law-abiding, responsible citizens—namely, adults who have reached the age of 18 but are not yet 21—from fully exercising the right to keep and bear arms. At 18 years of age, law-abiding citizens in this country are considered adults for almost all purposes and certainly for the purposes of the exercise of fundamental constitutional rights. Yet the State bans such persons from carrying a handgun in public for self-defense, while allowing qualified adults of all other ages to carry in public.

8.    Texas generally prohibits the carrying of handguns by an ordinary citizen in public for self-defense if the citizen is under twenty-one (21) years of age or has been convicted of certain offenses under the Penal Code. Tex. Penal Code Ann. § 46.02(a).

9.    Indeed, while law-abiding adults in Texas generally may carry a handgun *without* a license, law-abiding 18-to-20-year-old adults may not carry even *with* a license.

10.   It generally is an offense to carry a handgun in public if an individual "is younger than 21 years of age. *Id*. While there is an exception for individuals who are licensed to carry a handgun, *see id.* § 46.15(b)(6)(A), licenses are unavailable to typical 18-to-20-year-old adults. Other than members or honorably discharged veterans of the armed services, "[a]

3

person is eligible for a license to carry a handgun" only if "at least 21 years old," TEX. GOV'T CODE ANN. § 411.172 (g), (a)(2).

11. The statutory provisions of TEXAS PENAL CODE §§ 46.02 and 46.15(b)(6)(A), TEXAS GOV'T CODE § 411.172 (a)(2) and (g), and all related laws, regulations, policies, practices, and customs are referred to collectively herein as the "18-to-20-Year-Old Carry Ban."

12. Plaintiffs Aidan Andrews, and Jordyn Blakey are ordinary, law-abiding, adult individuals over 18 years old but under 21 years old.

13. Under the 18-to-20-Year-Old Carry Ban that Defendants enforce, Plaintiffs Andrews and Blakey, along with other similarly situated members of Plaintiff Firearms Policy Coalition, Inc. ("FPC"), are categorically prohibited from obtaining a license to carry a handgun and denied the right to carry a handgun for self-defense on their person in public, in direct violation of the Second Amendment, as incorporated against the State by the Fourteenth Amendment.

14. Throughout American history, arms carrying was a right available to all peaceable citizens. Sometimes, it was even a duty. *See e.g.*, David B. Kopel & Joseph G.S. Greenlee, *The Second Amendment Rights of Young Adults*, 43 S. Ill. U. L.J. 495, 573–577, 587 (2019) (listing statutes requiring arms carrying by members of the general public to travel, work in the fields, work on roads and bridges, attend church, and attend court).

15. Moreover, 18-to-20-year-old adults were fully protected by the Second Amendment at the time of its ratification. Hundreds of statutes from the colonial and founding eras required 18-to-20-year-olds to keep and bear arms. *See generally* Joseph G.S. Greenlee, *The Historical Justification for Prohibiting Dangerous Persons from Possessing Arms*, 20 WYO. L. REV. 249 (2020).

16.   At the time of the Founding, peaceable individuals aged 18 and above had the right to carry arms for self-defense and other lawful purposes.

17.   Because the 18-to-20-Year-Old Carry Ban prohibits individual Plaintiffs, and similarly situated members of Plaintiff FPC, from carrying handguns—even for purposes of self-defense—upon the public streets and public property, in direct violation of the Second and Fourteenth Amendments, as interpreted in *Heller* and *McDonald*, it must be declared unconstitutional, and its enforcement must be enjoined.

18.   Moreover, while the prohibition on handgun carriage by 18-to-20-year-olds is unconstitutional on its face, it is particularly illegitimate as applied to women such as Plaintiff Blakey. 18-to-20-year-old females commit violent offenses at an exceptionally low rate, and there is absolutely no basis for broadly prohibiting them from carrying firearms in public.

19.   To be sure, Plaintiffs acknowledge that their facial challenge to Texas's ban on public carry by 18-to-20-year-olds is foreclosed in this Court by *National Rifle Association of America Rifle, Inc. v. McCraw*, 719 F.3d 338 (5th Cir. 2013), but they believe that case was wrongly decided. They therefore institute this litigation to vindicate their Second Amendment rights and seek to have *McCraw* overruled by a court competent to do so. Even under *McCraw*, however, this Court can and should rule in favor of Plaintiffs' as-applied claim with respect to 18-to-20-year-old women asserted by Plaintiffs Blakey and FPC on behalf of its similarly situated members.

## PARTIES

20.   Plaintiff Aidan Andrews is a natural person, over the age of 18 but under the age of 21, and a citizen of Parker County, Texas and the United States. Mr. Andrews has never been charged with nor convicted of any misdemeanor or felony offense. It is Mr. Andrews's

present intention and desire to procure a license to carry a handgun and to be able to lawfully carry a handgun, including for purposes of self-defense, without violating the law. Yet, as a result of Defendants' active enforcement of the 18-to-20-Year-Old Carry Ban, he is precluded from carrying a handgun for purposes of self-defense.

21. Plaintiff Jordyn Blakey is a natural person, over the age of 18 but under the age of 21, and a citizen of Fannin County, Texas and the United States. Ms. Blakey has never been charged with nor convicted of any misdemeanor or felony offense. It is Ms. Blakey's present intention and desire to procure a license to carry a handgun and to be able to lawfully carry a handgun, including for purposes of self-defense, without violating the law. Yet, as a result of Defendants' active enforcement of the 18-to-20-Year-Old-Carry Ban and future enforcement of the Act, she is precluded from carrying a handgun for purposes of self-defense.

22. Plaintiff Firearms Policy Coalition, Inc. ("FPC") is a 501(c)(4) non-profit organization incorporated under the laws of Delaware with its principal place of business in Sacramento, California. The purposes of FPC include defending and promoting the People's rights— especially the fundamental, individual Second Amendment right to keep and bear arms— advancing individual liberty, and restoring freedom. FPC serves its members and the public through legislative advocacy, grassroots advocacy, litigation and legal efforts, research, education, outreach, and other programs. FPC's members reside both within and outside Texas. FPC brings this action on behalf of its 18-20-year-old members in Texas, including the named Plaintiffs herein. These FPC members have been adversely and directly harmed by Defendants' enforcement of the laws, regulations, policies, practices, and customs challenged herein.

23.  Defendant Steven C. McCraw is sued in his official capacity as the Director of the Texas Department of Public Safety, which includes the Texas Rangers and the Texas Highway Patrol. As "executive director of the department," TEX. GOV'T CODE ANN. *id*. § 411.002, McCraw has a duty "to enforce the laws protecting the public safety and provide for the prevention and detection of crime," *id*. § 411.002, and he administers the State's carry-license regime, *see, e.g.*, *id.* § 411.174, 177.

24.  Defendant John Forrest is sued in his official capacity as the County Attorney of Parker County. Defendant Forrest is responsible for prosecuting misdemeanor criminal cases in Parker County, including violations of the 18-to-20-Year-Old Carry Ban and the related regulations, policies, practices, and customs. *See State v. Stephens*, 608 S.W.3d 245, 254 (Tex. App.—Houston [1st Dist.] 2020); TEX. CONST. art. 5 § 21.

25.  Defendant Richard E. Glaser is sued in his official capacity as the Criminal District Attorney of Fannin County. Defendant Glaser is responsible for enforcement of criminal and civil laws in Fannin County, including the 18-to-20-Year-Old Carry Ban and the related regulations, policies, practices, and customs. *See State v. Stephens*, 608 S.W.3d 245, 254 (Tex. App.—Houston [1st Dist.] 2020); TEX. CONST. art. 5 § 21.

26.  Defendant J. Brett Smith is sued in his official capacity as the District Attorney of Grayson County. Defendant Smith is responsible for enforcement of criminal and civil laws in Grayson County, including the 18-to-20-Year-Old Carry Ban and the related regulations, policies, practices, and customs. *See State v. Stephens*, 608 S.W.3d 245, 254 (Tex. App.—Houston [1st Dist.] 2020); TEX. CONST. art. 5 § 21.

## JURISDICTION AND VENUE

27. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution.

28. This action for violation of Plaintiffs' constitutional rights is brought under 42 U.S.C. § 1983 and seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and attorneys' fees pursuant to 42 U.S.C. § 1988.

29. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the Northern District of Texas.

## THE LAWS AT ISSUE

30. Section 46.02(a) of the TEXAS PENAL CODE prohibits the "intentional[], knowing[], or reckless[] carri[age] on or about [the] person [of] a handgun," in any place that is not "on the person's own premises or premises under the person's control; or inside of or directly en route to a motor vehicle or watercraft that is owned by the person or under the person's control" by anyone "younger than 21 years of age." TEX. PENAL CODE ANN. § 46.02(a)(2)(A).

31. Under Section 46.02(a), both the open and concealed carry of a handgun in public by a citizen under twenty-one years of age are generally criminalized with threat of misdemeanor or felony prosecution pursuant to § 46.02(b) and § 46.02(c).

32. A violation of Section 46.02 is at least a Class A misdemeanor punishable by a fine of $4,000 and imprisonment of one year. TEX. PENAL CODE ANN. §§ 46.02(b), 12.21.

33. Section 46.15 of the Penal Code provides, in pertinent part:

     (b) Section 46.02 does not apply to a person who:

. . .

    (6) is carrying:
        (A) a license issued under Subchapter H, Chapter 411, Government Code, to carry a handgun; and
        (B) a handgun:
            (i) in a concealed manner; or
            (ii) in a shoulder or belt holster;

. . .

34.   TEXAS GOV'T CODE, Chapter 411, Subchapter H establishes the standards and procedures governing a license to carry a handgun.

35.   Specifically, Section 411.172 of the Government Code sets forth the eligibility requirements for the license to carry a handgun.

36.   To qualify for a license to carry, a person must: (1) be a legal resident of Texas for the six-month period preceding the date of application; (2) be at least 21 years of age; (3) not have been convicted of a felony; (4) not be currently charged with a felony or Class A or Class B misdemeanor; (5) not be a fugitive from justice; (6) not be a chemically dependent person; (7) be capable of exercising sound judgment with respect to the proper use and storage of a handgun; (8) not have been convicted in the past five years of a Class A or Class B misdemeanor; (9) be fully qualified under applicable federal and state law to purchase a handgun;[1] (10) not have been finally determined to be delinquent in making child support

---

[1] Federal law prohibits federal firearms licensees from selling handguns to adults under the age of 21. 28 U.S.C. § 922(b)(1). Yet, because "[a]n individual between 18 and 21 years of age may acquire a handgun from an unlicensed individual who resides in the same state," *May an individual between the ages of 18 and 21 years of age acquire a handgun from an unlicensed individual who is also a resident of that same state?*, ATF (June 24, 2020), https://bit.ly/3tiPOEl, Plaintiffs understand § 922(b)(1) not to affect whether, under TEX. GOV'T CODE ANN. § 411.172(a)(9), they are "fully qualified under applicable federal and state law to purchase a handgun." If Section 411.172(a)(9) nevertheless disqualifies 18-to-20-year-olds from a license to carry on account of their age it is part of the 18-to-20-Year-Old Carry Ban that Plaintiffs challenge.

payments; (11) not have been finally determined to be delinquent in the payment of a tax or other money collected by the state; (12) not be restricted under a court protective order or subject to a restraining order affecting the spousal relationship; (13) not have been adjudicated, in the ten years preceding application, as having engaged in delinquent conduct violating a penal law of the grade of felony; and (14) not have made any material misrepresentation or omission in the application for a license to carry. TEX. GOV'T CODE ANN. § 411.172(a).

37.   In addition, an applicant must "submit to [the Texas Department of Public Safety] . . . evidence of handgun proficiency." *Id.* § 411.174(a)(7). Each applicant must take "a course . . . [in] handgun proficiency" and pass "examinations to measure handgun proficiency." *Id.* § 411.188(a). "The course to teach handgun proficiency . . . contain[s] training sessions divided into two parts." *Id.* "One part of the course . . . [consists of] classroom instruction and the other part . . . [consists of] range instruction and an actual demonstration by the applicant of the applicant's ability to safely and proficiently use the applicable category of handgun." *Id.* "An applicant must be able to demonstrate, at a minimum, the degree of proficiency that is required to effectively operate a handgun of .32 caliber or above." *Id.* "The handgun proficiency course must include at least 10 hours . . . of instruction on: (1) the laws that relate to weapons and to the use of deadly force; (2) handgun use, proficiency, and safety; (3) nonviolent dispute resolution; and (4) proper storage practices for handguns with an emphasis on storage practices that eliminate the possibility of accidental injury to a child." *Id.* § 411.188(b).

38.   If a person "is at least 21 years of age" and "is fully qualified under applicable federal and state law to purchase a handgun" (and meets other requirements) he or she "is eligible for a

license to carry a handgun." *Id.* § 411.172(a). Moreover, an otherwise eligible person who is "least 18 years of age but not yet 21 years of age is eligible for a license to carry a handgun if" that person "is a member or veteran of the United States armed forces, including a member or veteran of the reserve or national guard" and, if discharged, "was discharged under honorable conditions." *Id.* § 411.172(g).

39. Accordingly, while Texas allows law-abiding adults 21 years of age or older—and 18-to-20-year-old adults in or honorably discharged from the military—to exercise their rights to keep and bear arms in public, the State bans ordinary, law-abiding adults who are 18-to-20 years of age from exercising their right to carry a handgun for self-defense in public.

40. Under Texas law, the individual Plaintiffs may possess and carry a rifle in the same manner as all other law-abiding adults of any age. *See* TEX. PENAL CODE ANN. § 46.02. Under Texas law, they also may possess a handgun in their homes and automobiles. *Id.* § 46.02(a)(1)–(2). Texas law further authorizes the individual Plaintiffs to supervise a minor's use of a firearm for purposes of hunting, sporting, or other lawful purposes. *Id.* § 46.13(c)(1). And under Texas law (as distinct from federal law), there is no prohibition on the individual Plaintiffs' purchase of a handgun. *See id.* § 46.06(a)(2). But under Texas law, the individual Plaintiffs shall not carry a handgun for self-defense in public, even though law-abiding adults aged 21 or older are not so prohibited.

<u>**STATEMENT OF FACTS RELATING TO**</u>
<u>**AIDAN ANDREWS**</u>

41. The foregoing paragraphs are incorporated herein as if set forth in full.

42. Plaintiff Aidan Andrews is a 19-year-old resident of Parker County, Texas.

43. Mr. Andrews is a law-abiding, responsible citizen.

44. Mr. Andrews is not a member of the United States Armed Forces.

45.  Mr. Andrews is a member of Plaintiff FPC.

46.  For self-defense and other lawful purposes, Mr. Andrews desires to carry a handgun in public. Mr. Andrews is a full-time student at Weatherford College and works part time in a grocery store. He often has to work late and walk alone to his car after the store closes. He owns a handgun which was given to him by his grandfather and he would carry his handgun with him in public for self-protection if it were lawful for him to do so.

47.  It is Mr. Andrews's present intention and desire to procure a license to carry in order to lawfully carry his pistol in public for self-defense of himself and his family. If the 18-to-20-Year-Old Carry Ban were invalidated or repealed he would apply for a license to carry forthwith.

48.  Defendants, however, by active enforcement of Section 411.172(a)(2), are precluding Mr. Andrews from obtaining a license to carry a handgun and therefore subjecting Mr. Andrews to the carry restrictions specified in Section 46.02, which Defendants are also actively enforcing, and which criminalize Mr. Andrews's desired conduct to carry a handgun in public for purposes of self-defense.

49.  Thus, although Mr. Andrews can vote, serve on a jury, hold public office, marry, sign legally binding contracts, join or potentially be drafted into the armed forces or called upon for federal and state militia service, and even be held fully accountable before the law for criminal matters to the point of being executed (*see* 18 U.S.C. § 3591), Defendants' enforcement of the 18-to-20-Year-Old Carry Ban prevents him carrying a handgun for self-defense in public throughout this State.

50. Mr. Andrews is a responsible, law-abiding, peaceable citizen with no history of violent behavior or other conduct that would suggest he poses any threat or danger or disqualify him from obtaining a license to carry a firearm.

51. Mr. Andrews has abstained from carrying a handgun in public for all lawful purposes including self-defense, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to the 18-to-20-Year-Old Carry Ban enforced by Defendants.

## STATEMENT OF FACTS RELATING TO JORDYN BLAKEY

52. The foregoing paragraphs are incorporated herein as if set forth in full.

53. Plaintiff Jordyn Blakey is a 19-year-old resident of Fannin County, Texas.

54. Ms. Blakey attends school full-time and works part-time in Grayson County, Texas.

55. Ms. Blakey is a law-abiding, responsible citizen.

56. Ms. Blakey is not a member of the United States Armed Forces.

57. Ms. Blakey is a member of Plaintiff FPC.

58. For self-defense and other lawful purposes, Ms. Blakey desires to carry a handgun in public. Ms. Blakey works in a commercial area and is frequently there until after dark, closing the store, often in the company of just one other woman. Ms. Blakey is concerned with reported incidents of kidnappings and sex trafficking in her area.

59. If Ms. Blakey had a lawful avenue to carry a handgun in public for self-defense, she would acquire a handgun for that purpose via an interfamilial gift.

60. Defendants, however, by active enforcement of Section 411.172(a)(2), are precluding Ms. Blakey from obtaining a license to carry a handgun and therefore subjecting Ms. Blakey to the carry restrictions specified in Section 46.02, which Defendants are also

actively enforcing, and which criminalize Ms. Blakey's desired conduct to carry a handgun in public for purposes of self-defense.

61.   Thus, although Ms. Blakey can vote, serve on a jury, hold public office, marry, sign legally binding contracts, join the armed forces, and even be held fully accountable before the law for criminal matters to the point of being executed (see 18 U.S.C. § 3591), Defendants' enforcement of the 18-to-20-Year-Old Carry Ban prevents her carrying a handgun for self-defense in public throughout this State.

62.   Ms. Blakey is a responsible, law-abiding, peaceable citizen with no history of violent behavior or other conduct that would suggest she poses any threat or danger or disqualify her from obtaining a license to carry firearms.

63.   If the 18-to-20-Year-Old Carry Ban were invalidated or repealed she would apply for a license to carry forthwith.

64.   Ms. Blakey has abstained from carrying a handgun in public for all lawful purposes including self-defense, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to the 18-to-20-Year-Old Carry Ban enforced by Defendants.

## HISTORY AND EFFECTS OF PUBLIC CARRY

65.   On May 8, 1792, mere months after ratification of the Second Amendment, Congress mandated that "every free able-bodied white male citizen . . . *who is or shall be of the age of eighteen years*, and under the age of forty-five years (except as is herein after excepted) shall severally and respectively be enrolled in the militia." 1 Stat. 271 ("Militia Act") (emphasis added).

66.   In the individual States, males aged 18 were enrolled.

67.  Individuals within Plaintiffs' 18-to-20-year-old age group pose a lesser risk of perpetrating violent crime compared to their older counterparts. For example,18-to-20-year-olds were arrested for 41,250 violent crimes in 2019, compared to 58,850 violent-crime arrests for 21-to-24-year-olds, Off. of Juvenile Justice & Delinquency Programs, *Estimated number of arrests by offense and age group, 2019, Gender: All*, U.S. Dep't of Just. (Nov. 16, 2020), https://bit.ly/3eOU8Gl.

68.  Only 320.8 out of every 100,000 18-to-20-year-olds were arrested for violent crimes in 2019, compared to 338.9 out of every 100,000 21-to-24-year-olds. Off. of Juvenile Justice & Delinquency Programs, *Arrest Rates by offense and age group, Gender: All*, U.S. Dep't of Just. (Nov. 16, 2020), https://bit.ly/3gWR4KP.

69.  Female individuals within the 18-to-20 age group pose a minimal risk of perpetrating violent crime of any kind compared to their male counterparts.

70.  In 2019, 18-20-year-old women were arrested for *fewer than one-twelfth* as many murders and nonnegligent manslaughters as 21-24-year-old men. *Compare Estimated number of arrests by offense and age group, 2019, Gender: Males*, Law Enforcement & Juvenile Crime, *supra*, https://bit.ly/3reYudS (1,620 homicides or negligent manslaughters); *with id.*, *Gender: Females*, https://bit.ly/3fcZwoF (120 murders or nonnegligent manslaughters). Overall, 21-24-year-old men are roughly *four times* likelier than 18-20-year-old women to be arrested for a violent crime. *Compare Arrest rates by offense and age group: 2019, Gender: Males*, Law Enforcement & Juvenile Crime, *supra*, https://bit.ly/31yvZ0h (0.51 percent of 21-24-year-old men arrested for violent crimes in 2019); *with Arrest rates by offense and age group: 2019, Gender: Females*, *id.*,

https://bit.ly/3mbxA65 (0.13 percent of 18-20-year-old women arrested for violent crimes in 2019).

71.    In 2018, women perpetrated only 17.6 percent of violent incidents, whereas men perpetrated 86.3 percent,[2] and women were victims of 57.7 percent of violent incidents. *Criminal Victimization, 2018 – Supplemental Tables*, Bureau of Just. Stats., Off. of Just. Progs., U.S. Dep't of Just. 1 tbl. 12a. (July 2020), https://bit.ly/3lJ8ISA.

## COUNT I: THE 18-TO-20-YEAR-OLD CARRY BAN, FACIALLY AND AS APPLIED, VIOLATES THE SECOND AND FOURTEENTH AMENDMENTS
### (*Plaintiffs v. Defendants*)

72.    The foregoing paragraphs are hereby incorporated herein as if set forth in full.

73.    The Second Amendment of the United States Constitution provides that "the right of the people to keep and bear arms shall not be infringed."

74.    This constitutional guarantee is incorporated against the States through the Fourteenth Amendment. *McDonald*, 561 U.S. at 791; *id*. at 806 (Thomas, J., concurring in the judgment).

75.    The Supreme Court has held that the right to keep and bear arms is a fundamental right. *Heller*, 554 U.S. at 581.

76.    In *Heller*, the United States Supreme Court defined "bear arms" as to "wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person." 554 U.S. at 584.

---

[2] This number adds up to more than 100 percent because 3.9 percent of incidents were perpetrated by both male and female offenders. *Criminal Victimization, 2018*, *supra*, at 1 tbl. 12a.

77.  42 U.S.C. § 1983 prohibits state actors from depriving a person of a federal constitutional right under color of state law.

78.  Plaintiffs Andrews and Blakey, along with all of Plaintiff FPC's similarly situated 18-to-20-year-old members, are law-abiding, peaceable citizens of Texas and the United States who desire to carry handguns for self-defense on public streets and public property throughout this State without being subject to arrest and criminal prosecution.

79.  Defendants have violated the rights of Plaintiffs, and of all of Plaintiff FPC's similarly situated members, to keep and bear arms by precluding them from being able to carry a handgun on the public streets and public property—even for purposes of self-defense.

80.  Defendants' enforcement of TEXAS PENAL CODE §§ 46.02 and 46.15(b)(6)(A), TEXAS GOV'T CODE § 411.172 (a)(2) and (g), and all related laws, regulations, policies, practices, and customs, is an infringement and an impermissible burden on individual Plaintiffs' and Plaintiff FPC's similarly situated members' right to keep and bear arms pursuant to the Second and Fourteenth Amendments of the United States Constitution.

81.  Even if the Texas ban were subject to means-end scrutiny, prohibiting 18-to-20-year-old adults from carrying handguns does not substantially advance a government interest in public safety. Available data show that 18-to-20-year-old adults commit *fewer* violent crimes than those who are 21-to-24-years-old. *See* Off. of Juvenile Justice & Delinquency Programs, *Estimated number of arrests by offense and age group, 2019, Gender: All*, U.S. Dep't of Just. (Nov. 16, 2020) (showing that 18-to-20-year-olds were arrested for 41,250 violent crimes in 2019, compared to 58,850 violent-crime arrests for 21-to-24-year-olds), https://bit.ly/3eOU8Gl; Off. of Juvenile Justice & Delinquency Programs, *Arrest Rates by offense and age group, Gender: All*, U.S. Dep't of Just. (Nov. 16, 2020)

(showing that 320.8 out of every 100,000 18-to-20-year-olds were arrested for violent crimes in 2019, compared to 338.9 out of every 100,000 21-to-24-year-olds). https://bit.ly/3gWR4KP. Because 18-to-20-year-old adults pose a lesser threat to public safety than individuals who are only marginally older than them, the prohibition on 18-to-20-year-olds carrying handguns cannot withstand any potentially applicable level of constitutional scrutiny.

82. Defendants' active enforcement of TEXAS PENAL CODE §§ 46.02 and 46.15(b)(6)(A), TEXAS GOV'T CODE § 411.172 (a)(2) and (g), and all related laws, regulations, policies, practices, and customs, forces Plaintiffs and Plaintiff FPC's similarly situated members either to comply with the unconstitutional carry ban—thereby relinquishing their fundamental right to armed defense of themselves and their loved ones in public places— or to be subject to arrest and prosecution.

83. As a direct and proximate result of the above infringement and impermissible burden on individual Plaintiffs' and Plaintiff FPC's similarly situated members' Second and Fourteenth Amendment rights, Plaintiffs have suffered—and continue to suffer—an unlawful deprivation of their fundamental constitutional right to keep and bear arms.

### COUNT II: THE 18-TO-20-YEAR-OLD CARRY BAN, AS APPLIED TO 18-TO-20-YEAR-OLD WOMEN, VIOLATES THE SECOND AND FOURTEENTH AMENDMENTS

*(Plaintiffs Jordyn Blakey and FPC v. Defendants)*

84. Plaintiff incorporates by reference the allegations of the preceding paragraphs.

85. As detailed above, the 18-to-20-Year-Old Carry Ban prohibits law-abiding 18-to-20-year-old adults from carrying handguns for self-defense in public.

86. Even if constitutional on its face, this ban violates the Second Amendment rights of Plaintiff Blakey and all of Plaintiff FPC's similarly situated 18-to-20-year-old female members in Texas.

87. Female individuals within this age group pose a minimal risk of perpetrating violent crime of any kind compared to their male counterparts. In 2019, 18-to-20-year-old women were arrested for *fewer than one-twelfth* as many murders and nonnegligent manslaughters, as 21-to-24-year-old men. *Compare Estimated number of arrests by offense and age group, 2019, Gender: Males*, Law Enforcement & Juvenile Crime, *supra*, https://bit.ly/3reYudS (1,620 homicides or negligent manslaughters); *with id.*, *Gender: Females*, https://bit.ly/3fcZwoF (120 murders or nonnegligent manslaughters). Overall, 21-to-24-year-old men are roughly *four times likelier* than 18-to-20-year-old women to be arrested for a violent crime. *Compare Arrest rates by offense and age group: 2019, Gender: Males*, Law Enforcement & Juvenile Crime, *supra*, https://bit.ly/31yvZ0h (0.51 percent of 21-24-year-old men were arrested for violent crimes in 2019); *with Arrest rates by offense and age group: 2019, Gender: Females*, *id.*, https://bit.ly/3mbxA65 (0.13 percent of 18-20-year-old women were arrested violent crimes in 2019).

88.  In 2018, women perpetrated only 17.6 percent of violent incidents, whereas men perpetrated 86.3 percent,[3] and women were victims of 57.7 percent of violent incidents. *Criminal Victimization, 2018*, *supra*, at 1 tbl. 12a.

---

[3] This number adds up to more than 100 percent because 3.9 percent of incidents were perpetrated by both male and female offenders. *Criminal Victimization*, *2018*, *supra*, at 1 tbl. 12a.

89.  Only *0.13 percent* of 18-to-20-year-old women were arrested for *any violent crime* at all in 2019, *see Arrest rates by offense and age group, 2019, Gender: Females*, Law Enforcement & Juvenile Crime, *supra*, https://bit.ly/3173Kph. In 2018, the rate was 0.15 percent, *see Arrest rates by offense and age group, 2018, Gender: Females*, *id.*, https://bit.ly/2ORyCb9, and in 2017, it was 0.15 percent, *see Arrest rates by offense and age group, 2017, Gender: Females*, *id.*, https://bit.ly/3cdULsP. All but a minuscule portion of 18-to-20-year-old women pose no threat to public safety.

90.  The State has not provided, and cannot provide, any legitimate justification for denying law-abiding, 18-to-20-year-old women the right to lawfully exercise their fundamental right to carry handguns in public for self-defense and other lawful purposes.

91.  Without any legitimate justification, much less one of a "compelling" or "substantial" nature as required to survive heightened scrutiny, to the extent a scrutiny analysis applies, Texas' 18-to-20-Year-Old Carry Ban is unconstitutional, void, and invalid as applied to 18-to-20-year-old women. Defendants' active enforcement of the ban constitutes an actionable violation of 42 U.S.C. § 1983 redressable through the relief Plaintiffs seek in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendants, as follows:

a)  Declare that the 18-to-20-Year-Old Carry Ban consisting of TEXAS PENAL CODE §§ 46.02 and 46.15(b)(6)(A), TEXAS GOV'T CODE § 411.172 (a)(2) and (g), and all related

laws,[4] regulations, policies, practices, and customs, violates the right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution—facially, as applied to otherwise qualified 18-to-20-year-olds, or as applied to otherwise qualified 18-to-20-year-old women;

b) Enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing the 18-to-20-Year-Old Carry Ban, consisting of TEXAS PENAL CODE §§ 46.02 and 46.15(b)(6)(A), TEXAS GOV'T CODE § 411.172 (a)(2) and (g), and all related laws,[5] regulations, policies, practices, and customs that would impede or criminalize 18-to-20-year-olds' exercise of their right to keep and bear arms;

c) Pursuant to 42 U.S.C. § 1988, award costs and attorney fees and expenses to the extent permitted; and

d) Grant any and all other equitable and/or legal remedies this Court may see fit.

Dated:  November 9, 2021

Respectfully submitted,

By:   /s/ R. Brent Cooper
**R. BRENT COOPER**
Texas Bar No. 04783250

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

---

[4] To the extent that TEX. GOV'T CODE ANN. § 411.172(a)(9) disqualifies 18-to-20-year-olds from a license to carry on account of their age, it is part of the 18-to-20-Year-Old Carry Ban that Plaintiffs challenge.

[5] See, *supra*, note 4.

David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com

*Pro hac vice applications forthcoming

Attorneys for Plaintiffs