IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AIDAN ANDREWS, JORDYN BLAKEY, and FIREARMS POLICY COALITION, INC., *Plaintiffs*, | § § § § | |
| v. | § § § | |
| STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety, JOHN FORREST in his official capacity as County Attorney of Parker County, RICHARD E. GLASER, in his official capacity as Criminal District Attorney of Fannin County, and J. BRETT SMITH, in his official capacity as District Attorney of Grayson County, *Defendants*, | § § § § § § § § § § § § § | Civil Action No. 4:21-cv-1245 |

## DEFENDANT J. BRETT SMITH'S BRIEF IN SUPPORT OF AMENDED MOTION TO DISMISS

### I.   BACKGROUND

The statutory framework challenged by Plaintiffs' lawsuit is carefully described by the same Fifth Circuit opinion that entirely forecloses their claims, *Nat'l Rifle Ass'n of America, Inc. v. McCraw* ("*McCraw*"), 719 F.3d 338 (5th Cir. 2013), *cert denied* 571 U.S. 1196 (2014).

> In 1871, the State of Texas first prohibited individuals from carrying handguns in public. The current version of this proscription, codified in 1973, provides that a "person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun . . . if the person is not: (1) on the person's own premises or premises under the person's control; or (2) inside of or directly en route to a motor vehicle or watercraft that is owned by the person or under the person's control." Tex. Penal Code § 46.02(a). This

> crime is punishable by imprisonment for up to a year and a fine of up to $4,000. *Id.* § 46.02(b); *see id.* § 12.21.
>
> In 1995, Texas created an exception to this general criminal prohibition when it enacted the concealed licensing program. The program allows persons who acquire concealed carry licenses to carry concealed handguns in public. Tex. Gov't Code § 411.172(a). . . . Moreover, in order to qualify for a license, an applicant must, among other things, be "at least 21 years of age" and "fully qualified under applicable federal and state law to purchase a handgun." *Id.* § 411.172(a).
>
> During legislative debate on the concealed licensing program, several legislators advocated for the 21-year-old minimum-age requirement because they believed that younger individuals were generally not mature enough to carry and handle handguns in public.
>
> * * *
>
> Texas's statutory scheme in effect prohibits the majority of 18–20-year-olds from carrying a handgun in public: the general criminal provision sets as the default rule that Texans may not carry a handgun in public, and the civil licensing law makes 18–20-year-olds ineligible for the concealed handgun license exception to this default rule.

*Id.* at 342–43 (footnotes omitted).

In 2010, three individuals aged 18 to 20 and the National Rifle Association ("NRA") on behalf of its 18-to-20-year-old members filed a constitutional challenge to Texas' restriction on carrying handguns in public ("Age-Based Restriction"). *See McCraw*, 719 F.3d at 343. "Each of the three individual plaintiffs claim[ed] they wish[ed] to carry a handgun for self-defense but were unable to apply for one solely because of their age." *Id.* Like the plaintiffs in this case, the *McCraw* plaintiffs argued that the 18-to-20-year-olds carry ban violated the Second Amendment by infringing on their purported right to carry handguns in public. *Compare id.* at 346, *with* Dkt. #1, ¶¶ 1–19. After the U.S. District Court for the Northern District of

2

Texas upheld the Age-Based Restriction, the plaintiffs appealed. *McCraw*, 719 F.3d at 344. On appeal, the Fifth Circuit carefully considered the challengers' claim, applying the Supreme Court's seminal Second Amendment opinion in *District of Columbia v. Heller*, 554 U.S. 570 (2008). *Id.* at 345–49. Considering historic traditions, *McCraw* concluded that "the conduct burdened by the Texas scheme likely falls outside the Second Amendment's protection." *Id.* at 347. Nevertheless, in an abundance of caution, the Fifth Circuit went on apply intermediate scrutiny to the statutory scheme and "affirm[ed] the district court's conclusion that it does not violate the Second Amendment." *Id.* at 349.

Represented by the same counsel, Plaintiffs bring an almost identical challenge. Plaintiffs "acknowledge that their facial challenge to Texas' Age-Based Restriction is foreclosed in this Court by [*McCraw*]," but contend that this Court should strike down the laws as applied to 18-to-20-year-old women. Dkt. #1, ¶19. But Plaintiffs' as-applied challenge cannot overcome *McCraw*'s reasoning, which applies with equal force. Defendant McCraw respectfully asks this Court to grant his motion to dismiss.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While courts must accept all factual allegations as true, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.

### III. ARGUMENTS & AUTHORITIES

#### A. The two-step inquiry applicable to Plaintiffs' Second Amendment claims.

The Fifth Circuit uses a two-step inquiry when reviewing Second Amendment challenges. *Nat'l Rifle Ass'n of America, Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives ("BAFT")*, 700 F.3d 185, 194 (5th Cir. 2012); *U.S. v. Moreno*, 811 F. App'x 219, 224 (5th Cir. 2020). "[T]he first inquiry is whether the conduct at issue falls within the scope of the Second Amendment right," which is determined by "look[ing] to whether the law harmonizes with the historical traditions associated with the Second Amendment guarantee." *BAFT*, 700 F.3d at 194. (citations omitted). "If the challenged law burdens conduct that falls outside the Second Amendment's scope, then the law passes constitutional muster." *Id.* at 195. "If the law burdens conduct that falls within the [] scope," courts proceed to the second inquiry, "apply[ing] the appropriate level of means-ends scrutiny." *Id.* The level of scrutiny "'depends upon the nature of the conduct being regulated and the degree to which the challenged law burdens the right.'" *Id.* (quoting *U.S. v. Chester*, 628 F.3d 673, 682 (4th Cir. 2010)).

#### B. Count 1 fails to state a claim because, facially and as-applied to Plaintiffs, the 18-to-20-year-old carry ban does not violate the Second

4

or Fourteenth Amendments.

*1. The Age-Based Restriction Is Outside the Scope of the Second Amendment*

Here, Plaintiffs' claim fails at the first level of inquiry, "whether the conduct at issue falls within the scope of the Second Amendment right," as applied to the States through the Fourteenth Amendment. *See McCraw*, 719 F.3d at 347; *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3050 (2010). The Fifth Circuit has twice "held that statutes enacted to safeguard the public using age-based restrictions on access to and use of firearms are part of a succession of 'longstanding prohibitions,' *Heller*, 554 U.S. at 626, 128 S.Ct. 2783, that are likely outside the scope of the Second Amendment, because such restrictions are 'consistent with' both the 'longstanding tradition of targeting select groups' ability to access and to use arms for the sake of public safety' and the 'longstanding tradition of age-and safety-based restrictions on the ability to access arms.'" *McCraw*, 719 F.3d at 347 (quoting *BATF*, 700 F.3d at 203).

"In *BAFT*, the [Fifth Circuit] held that a federal law that restricted 18–20–year–olds' access to and use of firearms by prohibiting federally licensed firearms dealers from selling handguns to those under 21 was consistent with these traditions, because Congress had passed the law to deter violent crime by restricting the ability of minors under 21, who were relatively immature, to buy handguns." *McCraw*, 719 F.3d at 347. And in *McCraw*, the Fifth Circuit held that the same Texas scheme challenged by Plaintiffs likely fell outside the Second Amendment's protection for the same reason. *Id.* The Age-Based Restriction is

5

consistent with longstanding tradition in this State and does not implicate Plaintiffs' constitutional rights.

### 2. *The Age-Based Restriction Passes Intermediate Scrutiny*

Embracing the Militia Act of 1792 would limit the beneficiaries of the right to keep and bear arms in unjust—indeed, indefensible—ways. The class of people to whom the Act applied was quite limited: it included only able-bodied white males who had not yet turned 46. Among other things, this completely undermines Plaintiffs' second Count, which advances the claim that the challenged carry ban is unconstitutional as applied to women. It also establishes that age-based restrictions on bearing arms are traditional and longstanding.

Even assuming Plaintiffs' claim proceeds to the second step of the inquiry, the factual allegations do not create the reasonable inference of a Second Amendment violation there either. The Fifth Circuit has already resolved the question of what level of scrutiny to apply here. In *McCraw*, the Fifth Circuit applied intermediate scrutiny because (1) the age-based restriction has "only a temporary effect," (2) it "restricts only the ability to carry handguns in public," and (3) is "not a complete ban on handgun use; it bans such use only outside a home or vehicle." 719 F.3d at 348. "The Texas laws advance the same important government objectives as the one upheld in *BAFT* under the intermediate scrutiny standard, namely, advancing public safety by curbing violent crime." *Id.*

The state law has a "narrow ambit" because it targets a discrete category of 18–20-year-olds, regulating only the carrying of guns in public, and restricts only

6

one type of gun—handguns. *McCraw*, 719 F.3d at 348–49. And, while Texas could have taken other, less restrictive approaches, "the state scheme must merely be reasonably adapted to its public safety objective to pass constitutional muster under an intermediate scrutiny standard." *Id.* "Texas need not employ the least restrictive means to achieve its goal." *Id.*

Plaintiffs offer nothing to distinguish their challenge from this recent, published, binding authority from the Fifth Circuit. The Texas scheme is reasonably adapted to its public safety objective, and that is all the Second Amendment requires.

Finally, while Plaintiffs characterize their first Count as both a facial and "as-applied" challenge, the distinction is without a difference here. *See* Dkt. #1, 16. While "it is well-established that the facial upholding of a law does not prevent future as-applied challenges," it *does* "preclude one resting upon the same asserted principle of law." *In re Cao*, 619 F.3d 410, 430 (5th Cir. 2010). The arguments and legal principles raised in this case rest on the same principle of law rejected by the Fifth Circuit in *McCraw*.

C.   **Count 2 fails to state a claim because, facially and as-applied to Plaintiffs Blakey and FPC's female members, the 18-to-20-year-old carry ban does not violate the Second or Fourteenth Amendments.**

Plaintiffs' Count 2 fairs no better. Plaintiffs' allegations regarding the criminal propensities of young women do not bring the Age-Based Restriction within the scope of the Second Amendment, do not diminish the important government interest achieved by the Age-Based Restriction, and do not render the Age-Based Restriction less reasonably adapted to achieve that interest.

7

*1. Plaintiffs' Allegations Do Not Alter the Step 1 Analysis*

*Heller* noted, "the right secured by the Second Amendment is not unlimited," and turned to historical and traditional limitations to trace the right's outline. *Heller*, 554 U.S. at 626. The Fifth Circuit has repeatedly held that age-based restrictions affecting 18-20-year-olds fall outside the scope of the Second Amendment because they fit squarely into the historical and traditional limitations beyond constitutional protection. *BAFT*, 700 F.3d at 203; *McCraw*, 719 F.3d at 347.

Plaintiffs' pleadings do not plausibly suggest the particular allegations purportedly pertaining to Ms. Blakey or the other female members of FPC somehow extend the reach of Second Amendment protections. As noted above, the Age-Based Restriction is actually *less* restrictive than the sole traditional prohibition cited by Plaintiffs when it comes to allowing firearms possession for women. *Heller*, 554 U.S. at 626; *BAFT*, 700 F.3d at 203; *McCraw*, 719 F.3d at 347. Longstanding age-based restrictions on carrying firearms leave the Age-Based Restriction outside the scope of Second Amendment protections, and Plaintiffs' gender-based allegations do nothing to alter *McCraw*'s conclusion that the Age-Based Restriction does not implicate the Second Amendment.

*2. Plaintiffs' Allegations Do Not Alter the Step 2 Analysis*

Even if it implicates the Second Amendment, the Age-Based Restriction continues to pass intermediate scrutiny. "Texas need not employ the least restrictive means to achieve its goal." *McCraw*, 719 F.3d at 349. The Fifth Circuit has already determined, in a facial challenge, that the Age-Based Restriction is

reasonably adapted to achieve an important government interest. *Id.* The Age-Based Restriction serves "the important government interest in public safety through crime prevention." *Id.* at 348. Plaintiffs' gender-based allegations do not appear to challenge this important government interest, but instead challenge whether the Age-Based Restriction is reasonably adapted to achieve this important government interest.

The Age-Based Restriction is reasonably adapted to achieve its purpose. "[T]he Second Amendment permits categorical limits on the regulation of gun possession by classes of persons...rather than requiring that restrictions on the right be imposed on an individualized, case-by-case basis." *U.S. v. Booker*, 644 F.3d 12, 23 (1st Cir. 2011); *accord BAFT*, 700 F.3d at 204 (quoting *Booker* and citing *Skoien*); *see also Skoien*, 614 F.3d at 640, 641. *BAFT* concluded that age restrictions do not even amount to a categorical ban, and so resemble conditions and qualifications on commercial sales that are presumptively lawful under *Heller*. *BAFT*, 700 F.3d at 206. Indeed, *BAFT* held that 18-20-year-olds prevented from purchasing handguns under a federal statute were a "target" with a "narrow ambit." *BAFT*, 700 F.3d at 205.

The Fifth Circuit's adoption of an analysis that allows for categorical regulation, and that rejects personalized, case-by-case regulation, simply leaves Plaintiffs no avenue to carve themselves out of the already "substantial[ly] tailor[ed]" Age-Based Restriction. *McCraw*, 719 F.3d at 349. The Age-Based

9

Restriction therefore satisfies intermediate scrutiny as applied to Plaintiffs' gender-based claims in Count 2.

## IV. CONCLUSION

For all these reasons, Defendant McCraw respectfully asks this Court to grant this motion and dismiss the claims against him with prejudice.

Respectfully submitted,

/s/ *Craig M. Price*
CRAIG M. PRICE
Texas Bar No. 16284170
Assistant Criminal District Attorney for Grayson County, Texas
200 S. Crockett St., Suite 116A
Sherman, Texas 75090
Phone: 903-813-4258
Fax: 903-892-9933
pricec@co.grayson.tx.us

*Counsel for Defendant J. Brett Smith, in his Official Capacity as Criminal District Attorney for Grayson County, Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

/s/ *Craig M. Price*
CRAIG M. PRICE