IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AIDAN ANDREWS, JORDYN BLAKEY, and FIREARMS POLICY COALITION, INC., <br> *Plaintiffs*, <br><br> v. <br><br> STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety, JOHN FORREST in his official capacity as County Attorney of Parker County, RICHARD E. GLASER, in his official capacity as Criminal District Attorney of Fannin County, and J. BRETT SMITH, in his official capacity as District Attorney of Grayson County, <br> *Defendants*, | § § § § § § § § § § § § § § § § § § | Civil Action No. 4:21-cv-1245 |

### DEFENDANT J. BRETT SMITH'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(H)(3)

COMES NOW, Defendant J. Brett Smith, in his official capacity as the Criminal District Attorney of Grayson County, Texas ("hereafter, "Smith"), and files this his Brief in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), and respectfully shows this Court the following:

## I.

## **BACKGROUND**

Plaintiffs seek a declaratory judgment against Defendants to declare that certain Texas statutes are unconstitutional because they infringe upon Plaintiffs' Second Amendment right to bear arms and their 14th Amendment right to equal protection under the law. *See Complaint*, ¶¶ 1-19; 28.

This Court should dismiss Plaintiffs' claims against Defendant Smith because none of the Plaintiffs has ever been arrested or charged in Grayson County, Texas, for an alleged violation of Texas Penal Code § 46.02(a). Therefore, Plaintiffs' claims are not ripe for adjudication.

Ripeness is a constitutional prerequisite to the exercise of jurisdiction. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). *See also Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp.*, 550 U.S. 662, 670 n.2 (2010) (ripeness inquiry reflects [the United States Constitution's] Article III limitations on judicial power, as well as prudential reasons for refusing to exercise jurisdiction). *See also Choice, Inc., of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (justiciability doctrines of standing, mootness, political question and ripeness all originate in Article III's case or controversy language). If the Court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) (lack of subject matter jurisdiction not waived by failure to join with earlier motion to dismiss under Fed. R. Civ. P. 12).

## II.

## PLAINTIFFS HAVE FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION

Ripeness ensures that federal courts do not decide disputes that are premature or speculative. *Shields*, 289 F.3d at 835. A case becomes ripe when it would not benefit from any further factual development and when the court would be in no better position to adjudicate the issues in the future than it is now. *Pearson v. Holder*, 624 F.3d 682, 684 (5th Cir. 2000).

The question of ripeness goes to the court's subject matter jurisdiction and is to be treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *Metropolitan Washington Airport Auth. V. Citizens for Abatement of Airport Noise*, 501 U.S. 252, 265, 111 S.Ct. 2298, 115 L.Ed.2d 236, 252 (1991) The ripeness inquiry should be raised when the lawsuit arises, and the matter must remain live through the litigation. *Steffel v. Thompson*, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). A court should dismiss a case for lack of ripeness "when the case is abstract or hypothetical." *Urban Developers, LLC v. City of Jackson*, 468 F.3d 281, 295 (5th Cir. 2006) (quotations omitted); *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987). *See also Tara Sohlman & Joanna Tollenaere, Cooper & Scully, P.C., "Ripeness and Joinder,"* 18th Annual Coverage and Bad Faith Symposium, pp. 1-2 (April 1, 2011).

Unless the case is ripe, the court cannot be sure the facts have been sufficiently developed and the matter sufficiently concrete for the court to render a decision that will generally dissolve the dispute among the parties. *Abbott Labs v.*

3

*Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). Three basic factors are considered by the courts to determine whether a matter is ripe for adjudication: (1) a legal dispute that is real and *not hypothetical*; (2) a concrete factual predicate so as to allow a reason for adjudication; and (3) a legal controversy that can sharpen the issues for judicial resolution. *Flast v. Cohen*, 392 U.S. 83, 96, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

It is not necessary that the litigant have already suffered harm for the matter to be ripe; it is sufficient that there is a reasonable probability of harm. *See Duke Power Co. v. Carolina Envtl. Study Group*, 438 U.S. 59, 82 (1978). However, the anticipated harm must be reasonably specific. *See Laird v. Tatum*, 408 U.S. 1 (1972); *United Public Workers v. Mitchell*, 330 U.S. 75 (1947). *See also T. Sohlman & J. Tollenaere*, "Ripeness and Joinder," *Id.*, at p. 2.

In the declaratory judgment context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests. *Venator Grp. Specialty, Inc. v. Matthew/Muniot Family, LLC*, 322 F.3d 835, 838 (5th Cir. 2003). The analysis must be addressed on a case-by-case basis. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). The threat of litigation, if specific and concrete, can establish a controversy upon which declaratory judgment can be based. *Id.* at 897. However, the court must look to the practical likelihood that a controversy will become real. *Shields*, 289 F.3d at 835. Plaintiffs have the burden

4

to allege facts to show that future contingencies are likely to occur. *Orix*, 212 F.3d at 897.

The Plaintiffs concede that they have not been subjected to any harm from Defendant Smith's enforcement of Texas Penal Code § 46.02(a). They have not been sentenced, prosecuted or even arrested in Grayson County for an alleged violation of the statute. At most, only Plaintiff Jordyn Bailey (hereafter, "Bailey") alleges that it is *possible* that she may one day be charged in Grayson County with violating Texas Penal Code § 46.02(a) because she travels to Grayson County to attend school and work. However, she admits that she lives in Fannin County, not Grayson County, and she fails to allege how often she travels to Grayson County or how much time she actually spends in Grayson County on a daily or weekly basis. *See Plaintiffs' Complaint*, ¶¶ 21, 52-64. Plaintiff Bailey fails to allege whether she desires to open carry a handgun, carry it concealed or leave it in her vehicle. *See Complaint*, ¶¶ 21, 52-64. She also fails to allege that her place of school or her place of employment would permit her to carry a weapon on their premises, which would leave the anticipated enforcement of Texas Penal Code § 46.02(a) as the only impediment to her right to bear arms in Grayson County. *See Complaint*, ¶¶ 21, 52-64.

Based on Plaintiff Bailey's allegations, the likelihood that she will be subject in Grayson County to enforcement by Defendant Smith of Texas Penal Code § 46.02(a) is completely *hypothetical* and incapable of any quantification. *See Flast*, 392 U.S. at 96. In fact, because Plaintiff Bailey states that she does *not* carry a

5

handgun for fear of arrest, prosecution, incarceration, and/or fine, it is impossible for her to ever be prosecuted in Grayson County by Defendant Smith for violating Texas Penal Code § 46.02(a). In other words, the contingent harm from Defendant Smith's alleged "active enforcement" of Texas Penal Code § 46.02(a) can never occur to Plaintiff Bailey because she has chosen not to violate the law. *See Complaint*, ¶ 64. Therefore, Plaintiff Bailey has failed to allege sufficient facts to establish that Defendant Smith's *possible* enforcement *in the future* against her of Texas Penal Code § 46.02(a) is likely to give rise to harm against Plaintiff Bailey with any reasonable probability. *Duke Power*, 438 U.S. at 82.

Plaintiffs Aidan Andrews and Firearms Policy Coalition, Inc., have alleged no facts to indicate that Defendant Smith's possible enforcement of Texas Penal Code § 46.02(a) is reasonably likely to result in harm to them in Grayson County, Texas. *See Complaint*, ¶¶ 20, 22, 41-51.

As a result, the claims of all three Plaintiffs' against Defendant Smith are not ripe, and this Court should dismiss this action against Defendant Smith for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). *See Shields*, 212 F.3d at 835.

### III.
### CONCLUSION

For the foregoing reasons, Defendant Smith respectfully asks this Court to grant this motion and dismiss the claims against him with prejudice for lack of subject matter jurisdiction.

Respectfully submitted,

/s/ *Craig M. Price*
CRAIG M. PRICE
Texas Bar No. 16284170
Assistant Criminal District Attorney for Grayson County, Texas
200 S. Crockett St., Suite 116A
Sherman, Texas  75090
Phone: 903-813-4258
Fax: 903-892-9933
pricec@co.grayson.tx.us

*Counsel for Defendant*
*J. Brett Smith, in his Official Capacity as Criminal District Attorney for Grayson County, Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

/s/ *Craig M. Price*
CRAIG M. PRICE