IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AIDAN ANDREWS, JORDYN BLAKEY, and FIREARMS POLICY COALITION, INC., *Plaintiffs*, | § § § § § § § § § § § § § § § § § § | |
| v. | | |
| STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety, JOHN FORREST in his official capacity as County Attorney of Parker County, RICHARD E. GLASER, in his official capacity as Criminal District Attorney of Fannin County, and J. BRETT SMITH, in his official capacity as District Attorney of Grayson County, *Defendants*, | | Civil Action No. 4:21-cv-1245 |

## DEFENDANT J. BRETT SMITH'S ORIGINAL ANSWER

Defendant J. Brett Smith, in his official capacity as the Criminal District Attorney of Grayson County, Texas ("Smith"), files this Original Answer in the above-referenced and numbered action, pursuant to Fed. R. Civ. P. 8, and respectfully shows this Court the following:

I.

### DEFENSES

1. Defendant Smith asserts that, in his official capacity as the Criminal District Attorney of Grayson County, Texas, he is immune from being sued by Plaintiffs and he is immune from their claim for attorney's fees as a result of sovereign immunity.

2. Pleading in the alternative, and without waiving the foregoing defense, Defendant Smith asserts that he is immune from suit and from liability for Plaintiffs' claim for attorney's fees due to qualified immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 525-26, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Because the Plaintiffs' allegations do not state a claim of violation of clearly established law, Defendant Smith is entitled to dismissal before the commencement of discovery. *Id.*

## II.
## SPECIFIC ANSWERS

3. Admit ¶ 1.

4. Admit ¶ 2.

5. Admit ¶ 3.

6. Admit ¶ 4.

7. Admit ¶ 5.

8. Defendant cannot admit the first sentence of ¶ 6 because it is unknown why they seek to carry loaded, operable handguns, and because Plaintiff Firearms Policy Coalition, Inc., is not a "person" who could carry a handgun on its person, and it is unknown whether Plaintiff Firearms Policy Coalition, Inc., represents similarly situated persons. Defendant Smith denies, as to the second sentence of ¶ 6, that he has actively enforced any laws against any of the Plaintiffs.

9. Admit ¶ 7.

10. Admit ¶ 8.

11. Admit ¶ 9.

12. Admit ¶ 10.

13. Admit ¶ 11.

14. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 12.

15. Defendant Smith denies that any enforcement of Texas Penal Code § 46.02(a) is in direct violation of the Second Amendment, as incorporated against the State by the Fourteenth Amendment. Defendant Smith admits the other allegations in ¶ 13.

16. Admit ¶ 14.

17. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 15.

18. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 16.

19. Deny ¶ 17.

20. Deny ¶ 18.

21. Defendant Smith admits that Plaintiffs' claims are foreclosed by *National Rifle Ass'n of America Rifle, Inc. v. McCraw*, 719 F.3d 338 (5th Cir. 2013). Defendant Smith denies that this Court is competent at this time to overrule the decision in *McCraw* because Plaintiffs' claim is not ripe. Defendant Smith denies the remaining allegations in ¶ 19.

22. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 20.

23. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 21.

24. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 22.

25. Admit ¶ 23.

26. Admit ¶ 24.

27. Admit ¶ 25.

28. Admit ¶ 26.

29. Admit ¶ 27.

30. Admit ¶ 28.

31. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 29.

32. Admit ¶ 30.

33. Admit ¶ 31.

34. Admit ¶ 32.

35. Admit ¶ 33.

36. Admit ¶ 34.

37. Admit ¶ 35.

38. Admit ¶ 36.

39. Admit ¶ 37.

40. Admit ¶ 38.

41. Admit ¶ 39.

42. Admit ¶ 40.

43. Admit ¶ 41.

44. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 42.

45. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 43.

46. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 44.

47. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 45.

48. Defendant Smith denies that Plaintiff Andrews would be able to open carry a handgun at Weatherford College, which, on information and belief, only permits students to carry a concealed handgun with a license, and only in certain areas of the college, as stated in ¶ 46. Defendant Smith does not have sufficient information to admit or deny the remaining allegations in ¶ 46.

49. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 47.

50. Deny ¶ 48.

51. Deny ¶ 49.

52. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 50.
53. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 51.
54. Admit ¶ 52.
55. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 53.
56. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 54.
57. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 55.
58. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 56.
59. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 57.
60. Defendant Smith denies that Plaintiff Bailey would be able to open carry a handgun at whatever school she attends part-time, either in Fannin County or Grayson County, as stated in ¶ 58; on information and belief, most secondary schools only permit students to carry a concealed handgun with a license, and only in certain areas of the school.  Defendant Smith does not have sufficient information to admit or deny the remaining allegations in ¶ 58.

61. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 59.

62. Deny ¶ 60.

63. Deny ¶ 61.

64. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 62.

65. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 63.

66. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 64.

67. Admit ¶ 65.

68. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 66.

69. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 67.

70. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 68.

71. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 69.

72. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 70.

73. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 71.

74. Admit ¶ 72.

75. Admit ¶ 73.

76. Admit ¶ 74.

77. Admit ¶ 75.

78. Admit ¶ 76.

79. Admit ¶ 77.

80. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 78.

81. Deny ¶ 79.

82. Deny ¶ 80.

83. Defendant Smith denies the first sentence in ¶ 81, but does not have sufficient information to admit or deny the remaining allegations in ¶ 81.

84. Deny ¶ 82.

85. Deny ¶ 83.

86. Admit ¶ 84.

87. Admit ¶ 85.

88. Deny ¶ 86.

89. Defendant Smith denies the first sentence in ¶ 87 because the term "minimal risk" is not defined. Defendant Smith does not have sufficient information to admit or deny the remaining allegations in ¶ 87.

90. Defendant Smith does not have sufficient information to admit or deny the allegations in ¶ 88.

91. Defendant Smith denies the last sentence in ¶ 89. Defendant Smith does not have sufficient information to admit or deny the previous allegations in ¶ 89.

92. Deny ¶ 90.

93. Deny ¶ 91.

## III.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant J. Brett Smith, in his official capacity as Criminal District Attorney of Grayson County, Texas, prays this Court to deny Plaintiffs' claims for relief in their entirety and enter a take nothing judgment against Plaintiffs, and to grant Defendant Smith such relief as he may show himself justly entitled, at law or in equity.

Respectfully submitted,

/s/ *Craig M. Price*
CRAIG M. PRICE
Texas Bar No. 16284170
Assistant Criminal District Attorney for Grayson County, Texas
200 S. Crockett St., Suite 116A
Sherman, Texas 75090
Phone: 903-813-4258
Fax: 903-892-9933
pricec@co.grayson.tx.us

*Counsel for Defendant J. Brett Smith, in his Official Capacity as Criminal District Attorney for Grayson County, Texas*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

/s/ *Craig M. Price*
CRAIG M. PRICE