EIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AIDEN ANDREWS, JORDYN BLAKEY, AND FIREARMS POLICY COALITION, INC. *Plaintiff,* | § § § § | |
| V. | § § | CIVIL ACTION NO. 4:21-CV-01245-P |
| STEVEN MCCRAW, in his official capacity As Director of the Texas Department of Public Safety, JOHN FORREST, in his official Capacity as County Attorney of Parker County, RICHARD GLASER, in his official capacity as Criminal District Attorney of Fannin County, and J. BRETT SMITH, in his official capacity as District Attorney of Grayson County | § § § § § § § § § § | |
| *Defendants.* | § § | |

---

**DEFENDANT STEVEN MCCRAW, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY'S ANSWER**

---

Defendant Steven McCraw, in his official capacity as Director of the Texas Department of Public Safety ("McCraw") files its Answer to Plaintiff's Complaint. In support, McCraw ("McCraw" or "Defendant") respectfully shows the Court the following:

Pursuant to Federal Rule of Civil Procedure 8(d), McCraw denies each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and numbered paragraphs below correlate to the sections and numbered paragraphs of the Complaint. Some headings are reproduced in this Answer for organizational purposes only, and McCraw does not admit any matter contained therein.

**Introduction**

1. McCraw admits the Second Amendment guarantees an individual right to possess and carry

firearms under *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008). McCraw denies the instant action seeks to uphold that right.

2. Admit.

3. Admit.

4. McCraw admits Paragraph 4 correctly quotes from *Heller*, 554 U.S. at 635.

5. McCraw admits Paragraph 5, very technically, correctly quotes from *Heller*. McCraw denies that the quoted language identifies handgun regulations as among the most restrictive laws in the Nation's history, as opposed to identifying the most restrictive handgun regulations in the Nation's history.

6. McCraw is without sufficient information to admit or deny what Plaintiffs wish. McCraw denies that enforcement of Texas laws, regulations, policies, practices and customs deprives Plaintiffs of rights guaranteed by the Second Amendment.

7. McCraw admits that Texas law restricts the time, place, and manner in which persons under the age of 21 may carry a handgun. Paragraph 7 contains conclusory statements and argument that require no response. McCraw denies each and every other factual allegation in Paragraph 7.

8. Admit.

9. Admit.

10. Admit.

11. Paragraph 11 contains conclusory statements and argument that require no response.

12. McCraw lacks sufficient information to admit or deny the factual allegations in Paragraph 12.

13. McCraw denies that Texas firearms regulations violate the Second Amendment as applied to the State by the Fourteenth Amendment. McCraw lacks sufficient information to admit or deny any other factual allegations in Paragraph 13.

14. McCraw denies that peaceable citizens have enjoyed an unfettered right to carry arms throughout American history. Paragraph 14 contains conclusory statements and argument that require no response.

15. McCraw admits that age has long played a role in laws pertaining to firearms in this country. Otherwise, deny.

16. Deny.

17. Paragraph 17 contains conclusory statements and argument that require no response.

18. Paragraph 18 contains conclusory statements and argument that require no response. McCraw denies each and every factual allegation in Paragraph 18.

19. Paragraph 19 contains conclusory statements and argument that require no response.

**Parties**

20. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 20.

21. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 21.

22. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 22.

23. Admit.

24. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 24.

25. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 25.

26. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 26.

**Jurisdiction And Venue**

27. McCraw admits that venue is proper in this Court under 28 U.S.C. §§ 1331, 1343. McCraw denies that violation of law occurred.

28. Paragraph 28 contains conclusory statements and argument that require no response.

29. McCraw admits venue is proper in the Northern District of Texas under 28 U.S.C. Section 1391(b), but denies venue is proper in the Dallas Division.

**The Laws At Issue**

30. Admit.

31. McCraw admits that Texas Penal Code Section 46.02(a) generally (though with exceptions) renders unlawful the open or concealed carrying of a handgun in public by a citizen under the age of twenty-one, and that such activity is a misdemeanor under Texas Penal Code Section 46.02(b). McCraw denies such conduct is a felony under Texas Penal Code Section 46.029(c), which was repealed by Acts 2021, 87th Leg., Ch. 809 (H.B. 1927), § 26(8).

32. McCraw denies that violations of Section 46.02 are "at least" punishable by a fine of $4,000 and imprisonment of one year. McCraw admits violations of 46.02 are Class A misdemeanors, punishable by a fine "not to exceed" $4,000, confinement in jail for a term "not to exceed" one year, or both such fine and confinement. TEX. PENAL CODE §§ 46.02(b) and 12.21.

33. Admit.

34. Admit.

35. Admit.

36. Admit, with the exception of Footnote 1. Footnote 1 contains conclusory statements and argument that require no response.

37. McCraw admits Paragraph 37 correctly quotes Texas Government Code Section 411.174(a)(7). McCraw admits applicants for a license to carry a handgun in Texas must take a course on

handgun proficiency and pass examinations to measure handgun proficiency. McCraw admits such course must contain two parties, one for classroom instruction and one for range instruction. McCraw denies that Section 411.188 requires the handgun proficiency examination in a minimum .32 caliber, or that the course include at least 10 hours of instruction. McCraw denies that Paragraph 37 accurately reflects the current status of Texas law. *See* Acts 2017, 85th Leg., R.S., Ch. 527 (S.B. 263), Sec. 1, eff. September 1, 2017; Acts 2013, 83rd Leg., R.S., Ch. 156 (S.B. 864), Sec. 2, eff. September 1, 2013.

38. McCraw admits Paragraph 38 correctly cites the referenced provisions, but denies the referenced provisions are the only Texas laws allowing persons under the age of 21 to be eligible for a license to carry a handgun. *See* TEX. GOVT. CODE § 411.172(i).

39. Paragraph 39 contains conclusory statements and argument that require no response.

40. McCraw admits Texas Penal Code Section 46.02 restricts only the carry of handguns and location-restricted knives. McCraw admits Section 46.02 does not restrict carrying handguns in premises owned by, or under the control of, the carrying individual. McCraw admits that Section 46.02 does not restrict carrying handguns in the motor vehicle owned by, or under the control of, the carrying individual. McCraw admits that Texas Penal Code Section 46.13(c)(1) does not make it unlawful for a person 18 years of age or older to supervise the use of firearms for hunting, sporting, or other lawful purposes by a person 17 years of age or younger. McCraw denies that Texas Penal Code Section 46.06 restricts the purchase of, rather than the sale of, firearms and other weapons; McCraw admits Section 46.06 does not apply to sales involving purchasers aged 18 and over. McCraw lacks sufficient information to admit or deny Plaintiffs' allegations describing individual Plaintiffs; McCraw admits persons meeting such description are subject to the restrictions of (non-exhaustively) Texas Penal Code Section 46.02 and Texas Government Code Subchapter H. Paragraph 40 contains conclusory statements and argument

that require no response.

**Statement Of Facts Relating To Aidan Andrews**

41. McCraw incorporates by reference his responses to the preceding paragraphs.

42. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 42.

43. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 43.

44. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 44.

45. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 45.

46. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 46.

47. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 47.

48. McCraw is without sufficient information to admit or deny Plaintiffs' allegations regarding Plaintiff Andrews' desired conduct. McCraw admits the referenced statutes are actively enforced, and preclude persons matching the description of Plaintiff Andrews in Plaintiffs' Original Complaint from lawfully obtaining a license to carry a handgun. McCraw admits such persons without a license to carry a handgun are subject to the referenced restrictions.

49. Paragraph 49 contains conclusory statements and argument that require no response.

50. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 50.

51. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph

51.

**Statement Of Facts Relating To Jordyn Blakey**

52. McCraw incorporates by reference his responses to the preceding paragraphs.

53. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 53.

54. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 54.

55. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 55.

56. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 56.

57. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 57.

58. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 58.

59. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 59.

60. McCraw is without sufficient information to admit or deny Plaintiffs' allegations regarding Plaintiff Blakey's desired conduct. McCraw admits the referenced statutes are actively enforced, and preclude persons matching the description of Plaintiff Blakey in Plaintiffs' Original Complaint from lawfully obtaining a license to carry a handgun. McCraw admits such persons without a license to carry a handgun are subject to the referenced restrictions.

61. Paragraph 61 contains conclusory statements and argument that require no response.

62. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph

62.

63. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 63.

64. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 64.

**History And Effects Of Public Safety**

65. Admit.

66. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 66.

67. Paragraph 67 contains conclusory statistical statements. McCraw admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. McCraw denies each and every other factual allegation in Paragraph 67.

68. Paragraph 68 contains conclusory statistical statements. McCraw admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. McCraw denies each and every other factual allegation in Paragraph 68.

69. Paragraph 69 contains conclusory statistical statements. McCraw admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. McCraw denies each and every other factual allegation in Paragraph 69.

70. Paragraph 70 contains conclusory statistical statements. McCraw admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. McCraw denies each and every other factual allegation in Paragraph 70.

71. Paragraph 71 contains conclusory statistical statements. McCraw admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. McCraw denies each and every other factual allegation in Paragraph 71.

**Count I: The 18-To-20-Year-Old Carry Ban, Facially And As Applied Violates The Second and Fourteenth Amendments**

***(Plaintiffs v. Defendants)***

72. McCraw incorporates by reference his responses to the preceding paragraphs.

73. Admit.

74. Admit.

75. Admit.

76. Admit.

77. Admit.

78. McCraw is without sufficient information to admit or deny the factual allegations in Paragraph 78.

79. Deny.

80. Deny.

81. Paragraph 81 contains conclusory statistical statements. McCraw admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. McCraw denies each and every other factual allegation in Paragraph 81.

82. McCraw admits that Plaintiffs are subject to arrest and prosecution for breaking the law, but denies that the cited statutes violate rights guaranteed by the Second Amendment.

83. Deny.

**Count II: The 18-To-20-Year-Old Carry Ban, As Applied To 18-20-Year-Old women, Violates The Second and Fourteenth Amendments**

***(Plaintiffs Jordan Blakey and FPC v. Defendants)***

84. McCraw incorporates by reference his responses to the preceding paragraphs.

85. Admit.

86. Deny.

87. Paragraph 87 contains conclusory statistical statements. McCraw admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. McCraw denies each and every other factual allegation in Paragraph 87.

88. Paragraph 88 contains conclusory statistical statements. McCraw admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. McCraw denies each and every other factual allegation in Paragraph 88.

89. Paragraph 89 contains conclusory statistical statements. McCraw admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. McCraw denies each and every other factual allegation in Paragraph 89.

90. Deny.

91. Paragraph 91 contains conclusory statements and argument that require no response.

**Prayer For Relief**

While this paragraph contains allegations to which no response is required, McCraw denies Plaintiffs' entitlement to the relief requested.

Respectfully submitted:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief - General Litigation Division

*/s/ Ryan G. Kercher*
RYAN G. KERCHER

Texas Bar No. 24060998
Southern Dist. ID No. 882329
BENJAMIN DOWER
Texas Bar No. 24082931
Southern District ID No. 1742612
Assistants Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Ryan.Kercher@oag.texas.gov
Benjamin.Dower@oag.texas.gov

*Counsel for Defendant*
*Steven McGraw*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

/s/ *Ryan G. Kercher*
RYAN G. KERCHER