UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FIREARMS POLICY COALITION, INC. ET AL.,**

   Plaintiffs,

v.                                                                 No. 4:21-cv-1245-P

**STEVEN C. MCCRAW, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE TEXAS DEPARTMENT OF PUBLIC SAFETY, ET AL.,**

   Defendants.

## SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and the local rules of this Court (except as modified herein), the Court, having considered the Parties' Joint Status Report[1] (ECF No. 40), finds that the following schedule should govern the disposition of this case:

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

**Please note that the Court has attempted to adhere to the schedule requested by the parties. In so doing, the Court assumes that the parties thoroughly discussed scheduling issues prior to submitting their status report and that the parties understand that the deadlines imposed in this Order are firmly in place, absent the few exceptions set forth below.**

---

[1] The Parties agree that "discovery is not necessary" and represent that "the case should be resolved on cross-motions for summary judgment." ECF No. 40 at 1, 3. The Court therefore issues this abbreviated Scheduling Order to govern the briefing schedule for the Parties' cross-motions for summary judgment.

1. **Joinder of Parties or Amendment of Pleadings**: By **January 31, 2022**, all motions requesting **joinder** of additional parties or **amendments** of pleadings shall be filed.

2. **Exchange of Exhibits**: By **January 21, 2022**, the Parties shall simultaneously exchange exhibits on which they to intend to rely.

3. **Dispositive Motions**: The Defendants' deadline to file their Motion for Summary Judgment is **February 18, 2022.** The Plaintiffs' deadline to file their Response and Cross-Motion for Summary Judgment is **March 18, 2022.** The Defendants' deadline to file their Response and Reply is **April 15, 2022.** And the Plaintiffs' deadline to file their Reply is **April 29, 2022.**

4. **Modification of Scheduling Order**: As addressed above, this Order shall control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by leave of court. FED. R. CIV. P. 16(b)(4). Conclusory statements will usually not suffice to show good cause, even if the motion is agreed or unopposed. Moreover, the Court does not grant motions to modify the scheduling order as a matter of course. Any request that the trial date of this case be modified must be made (a) **in writing** to the Court, (b) **before** the deadline for completion of discovery, and (c) **in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan ¶ V and Local Rule 40.1** (motions for continuance must be signed by the party as well as by the attorney of record).

5. **Sanctions**: Should any party or counsel fail to cooperate in doing anything required by this Order, such party or counsel or both may be subject to sanctions. **No pending dispositive motion or other request for affirmative relief (unless otherwise ordered by the Court or permitted by applicable law) relieves a party or counsel of their obligation to comply with the deadlines and instructions required by this Order**. If the *plaintiff* does not timely file the required (or other) pretrial material, the case will be dismissed. If the

*defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered, or the defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this Order** shall be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal shall be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

6. **Electronic Filing Procedures**: This case has been designated for enrollment in the Electronic Case Filing System (CM/ECF). (For more information on the ECF system, please see http://www.txnd.uscourts.gov/filing/ecf.html). Now that the case is designated an ECF case, all documents must be filed electronically; however, the Court still requires that courtesy copies of dispositive motions (and accompanying briefs and appendices) be sent to Chambers. Proposed orders are **required** to be submitted with **EVERY** motion. (Modification to Local Rule 7.1(c)). Proposed orders must be submitted via e-mail in a Word or WordPerfect-compatible format as instructed in the CM/ECF system's "Proposed Orders" Event. The proposed orders must be **e-mailed** to: pittman_orders@txnd.uscourts.gov. Include the case number and the document number of the referenced motion in the subject line.

7. **Citations**: All briefs filed with the Court shall comply with the most recent edition of *The Bluebook: A Uniform System of Citation*. Particularly, counsel are directed to provide, where applicable, the subsections of cited statutes, and to provide pinpoint citations when citing cases, i.e., provide the page where the stated legal proposition can be found. See *Bluebook* Rules 3.2-3.4 (Columbia Law Review Ass'n et al. eds, 20th ed. 2015) (regarding pinpoint citations and subsections). Furthermore, if a

3

brief contains citations to unpublished opinions or to LEXIS, counsel must attach copies of those cases to the brief.

8. **Notice**: Each attorney of record and any unrepresented party must review and adhere to the Local Civil Rules of the Northern District of Texas, which may be accessed at http://www.txnd.uscourts.gov/rules/localrules/lr_civil.html. Additionally, each attorney of record and any unrepresented party must review and abide by the standards of litigation conduct for attorneys appearing in civil actions in the Northern District of Texas, as outlined in *Dondi Properties Corp. v. Commerce Savings & Loan*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), which may be accessed at http://www.txnd.uscourts.gov/publications/index.html.

9. **Inquiries**: Questions relating to this scheduling order or legal matters should be presented in a motion, as appropriate. Questions regarding electronic notice or electronic case files shall be directed to the **Help Desk at 1-866-243-2866**. If any electronic equipment is needed in the courtroom, notify Brian Rebecek, Fort Worth Division Manager, at 817-850-6613.

**SO ORDERED** on this **4th day** of **January, 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE