IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AIDEN ANDRES, JORDYN BLAKEY, | § | |
| AND FIREARMS POLICY COALITION, INC. | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-01245-P |
| | § | |
| STEVEN McCRAW, in his official capacity as | § | |
| Director of the Texas Department of Public Safety, | § | |
| JOHN FORREST in his official capacity as County | § | |
| Attorney of Parker County, RICHARD GLASER, | § | |
| in his official capacity as Criminal District Attorney | § | |
| of Fannin County, and J. BRETT SMITH, in his | § | |
| official capacity as District Attorney of Grayson | § | |
| County | § | |
| *Defendants* | § | |

## DEFENDANT JOHN FORREST, JR. IN HIS OFFICIAL CAPACITY AS COUNTY ATTORNEY OF PARKER COUNTY, TEXAS ANSWER

Defendant John Forrest, Jr., in his official capacity as County Attorney of Parker County, Texas ("Forrest") files his Answer to Plaintiff's Complaint. In support, Forrest respectfully shows the Court the following:

Pursuant to Federal Rule of Civil Procedure 8(d), Forrest denies each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and numbered paragraphs below correlate to the sections and numbered paragraphs of the Complaint. Some headings are reproduced in this Answer for organizational purposes only and Forrest does not admit any matter contained therein.

**Introduction**

1. Forrest admits the Second Amendment to the U.S. Constitution guarantees an individual right to possess and carry firearms under *District of Columbia v. Heller,* 554 U.S. 570, 128 S.Ct. 2783 (2008). Forrest denies the instant action seeks to uphold that right.

2. Admit.

3. Admit.

4. Forrest admits Paragraph 4 correctly quotes from *Heller,* 554 U.W. at 635.

5. Forrest admits a portion of Paragraph 5, very technically, correctly quotes from *Heller*. Forrest denies that the quoted language identifies handgun regulations as among the most restrictive laws in the Nation's history, as opposed to identifying the most restrictive handgun regulations in the Nation's history.

6. Forrest is without sufficient information to admit or deny what Plaintiffs wish. Forrest denies that enforcement of Texas laws, regulations, policies, practices and customs deprives Plaintiffs of rights guaranteed by the Second Amendment.

7. Forrest admits that Texas law restricts the time, place, and manner in which persons under the age of 21 may carry a handgun. Paragraph 7 contains conclusory statements and argument that require no response. Forrest denies each and every other factual allegation in Paragraph 7.

8. Admit.

9. Admit.

10. Admit.

11. Paragraph 11 contains conclusory statements and argument that require no response.

12. Forrest lacks sufficient information to admit or deny the factual allegations in Paragraph 12.

13. Forrest denies that Texas firearms regulations violate the Second Amendment as applied to the State by the Fourteenth Amendment. Forrest lacks sufficient information as to admit or deny any other factual allegations in Paragraph 13.

14. Forrest denies that peaceable citizens have enjoyed an unfettered right to carry arms throughout American history. Paragraph 14 contains conclusory statements and argument that require no response.

15. Forrest admits that age has long played a role in laws pertaining to firearms in this country. Otherwise, deny.

16. Deny.

17. Paragraph 17 contains conclusory statements and argument that require no response.

18. Paragraph 18 contains conclusory statements and argument that require no response. Forrest denies each and every factual allegation in Paragraph 18.

19. Paragraph 19 contains conclusory statement and argument that require no response.


## Parties

20. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 20.

21. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 21.

22. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 22.

23. Admit.

24. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 24.

25. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 25.

26. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 26.

### Jurisdiction and Venue

27. Forrest admits that venue is proper in this Court under 28 U.S.C. §§ 1331, 1334. Forrest denies that violation of law occurred.

28. Paragraph 28 contains conclusory statements and argument that require no response.

29. Forrest admits venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b), but denies venue is proper in the Dallas Division.

### The Laws at Issue

30. Admit.

31. Forrest admits that Texas Penal Code Section 46.02(a) generally (though with exceptions) renders unlawful the open or concealed carrying of a handgun in public by a citizen under the age of twenty-one, and that such activity is a misdemeanor under Texas Penal Code §46.02(b). Forrest denies that such conduct is a felony under Texas Penal Code §46.029(c), which was repealed by Acts 2021, 87th Leg., Ch. 809 (H.B. 1927), §26(8).

32. Forrest denies that violations of §46.02 are "at least" punishable by a fine of $4,000 and imprisonment of one year. Forrest admits violations of §46.02 are Class A misdemeanors, punishable by a fine "not to exceed" $4,000, confinement in jail for a term "not to exceed" one year, or both such fine and confinement. TEX. PENAL CODE §§ 46.02(b) and 12.21.

33. Admit.

34. Admit.

35. Admit.

36. Admit, with the exception of Footnote 1. Footnote 1 contains conclusory statements and argument that require no response.

37. Forrest admits Paragraph 37 correctly quotes Texas Government Code §411.174(a)(7). Forrest admits applicants for a license to carry a handgun in Texas must take a course on handgun proficiency and pass examinations to measure handgun proficiency. Forrest admits such course must contain two parties, one for classroom instruction and one for range instruction. Forrest denies that §411.188 requires the handgun proficiency examination in a minimum .32 caliber, or that the course include at least 10 hours of instruction. Forrest denies that Paragraph 37 accurately reflects the current status of Texas law. *See* Acts 2017, 85th Leg., R.S., Ch. 527 (S.B.263), Sec.1, eff. September 1, 2017; Acts 2013, 83rd Leg. R.S., Ch. 156 (S.B. 864), Sec. 2, eff. September 1, 2013.

38. Forrest admits Paragraph 38 correctly cites the referenced provisions, but denies the referenced provisions are the only Texas laws allowing persons under the age of 21 to be eligible for a license to carry a handgun. *See* TEX. GOV'T CODE §411.172(i).

39. Paragraph 39 contains conclusory statements and argument that require no response.

40. Forrest admits Texas Penal Code §46.02 restricts only the carry of handguns and location-restricted knives. Forrest admits §46.02 does not restrict carrying handguns in premises owned by, or under the control of, the carrying individual. Forrest admits that §46.02 does not restrict carrying handguns in the motor vehicle owned by, or under the control of, the carrying individual. Forrest admits that Texas Penal Code §46.13(c)(1) does not make it unlawful for a person 18 years of age or older to supervise the use of firearms for hunting, sporting, or other lawful purposes by a person 17 years of age or younger. Forrest denies that Texas Penal Code §46.06 restricts the purchase of, rather than the sale of, firearms and other weapons; Forrest admits §46.06 does not apply to sales involving purchasers aged 18 and over. Forrest lacks sufficient information to admit or deny Plaintiffs' allegations describing individual Plaintiffs; Forrest admits persons meeting such description are subject to the restrictions of (non-exhaustively) Texas Penal Code §46.02 and Texas Government Code Subchapter H. Paragraph 40 contains conclusory statements and argument that require no response.

## Statement of Facts Relating to Aidan Andrews

41. Forrest incorporates by reference his responses to the preceding paragraphs.

42. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 42.

43. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 43.

44. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 44.

45. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 45.

46. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 46.

47. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 47.

48. Forrest is without sufficient information to admit or deny Plaintiff's allegations regarding Plaintiff Andrews' desired conduct. Forrest admits the referenced statutes are actively enforced, and preclude persons matching the description of Plaintiff Andrews in Plaintiffs' Original Complaint from lawfully obtaining a license to carry a handgun. Forrest admits such persons without a license to carry a handgun are subject to the referenced restrictions.

49. Paragraph 49 contains conclusory statements and argument that require no response.

50. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 50.

51. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 51.

## Statement of Facts Relating to Jordyn Blakey

52. Forrest incorporates by reference his responses to the preceding paragraphs.

53. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 53.

54. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 54.

55. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 55.

56. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 56.

57. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 57.

58. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 58.

59. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 59.

60. Forrest is without sufficient information to admit or deny Plaintiff's allegations regarding Plaintiff Blakey's desired conduct. Forrest admits the referenced statutes are actively enforced, and preclude persons matching the description of Plaintiff Blakey in Plaintiffs' Original Complaint from lawfully obtaining a license to carry a handgun. Forrest admits such persons without a license to carry a handgun are subject to the referenced restrictions.

61. Paragraph 61 contains conclusory statements and argument that require no response.

62. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 62.

63. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 63.

64. Forrest is without sufficient information to admit or deny the factual allegations in
Paragraph 64.

## History and Effects of Public Safety

65. Admit.

66. Forrest is without sufficient information to admit or deny the factual allegations in
Paragraph 66.

67. Paragraph 67 contains conclusory statistical statements. Forrest admits the cited sources
reflect the statistics described, but denies such statistics completely or accurately describe
relevant crime rates. Forrest denies each and every other factual allegation in Paragraph
67.

68. Paragraph 68 contains conclusory statistical statements. Forrest admits the cited sources
reflect the statistics described, but denies such statistics completely or accurately describe
relevant crime rates. Forrest denies each and every other factual allegation in Paragraph
68.

69. Paragraph 69 contains conclusory statistical statements. Forrest admits the cited sources
reflect the statistics described, but denies such statistics completely or accurately describe
relevant crime rates. Forrest denies each and every other factual allegation in Paragraph
69.

70. Paragraph 70 contains conclusory statistical statements. Forrest admits the cited sources
reflect the statistics described, but denies such statistics completely or accurately describe
relevant crime rates. Forrest denies each and every other factual allegation in Paragraph
70.

71. Paragraph 71 contains conclusory statistical statements. Forrest admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. Forrest denies each and every other factual allegation in Paragraph 71.

## Count I:  The 18-To-20-Year-Old Carry Ban, Facially And As Applied Violates The Second and Fourteenth Amendments

### *(Plaintiffs v. Defendants)*

72. Forrest incorporates by reference his responses to the preceding paragraphs.

73. Admit.

74. Admit.

75. Admit.

76. Admit.

77. Admit.

78. Forrest is without sufficient information to admit or deny the factual allegations in Paragraph 78.

79. Deny.

80. Deny.

81. Paragraph 81 contains conclusory statistical statements. Forrest admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. Forrest denies each and every other factual allegation in Paragraph 81.

82. Forrest admits that Plaintiffs are subject to arrest and prosecution for breaking the law, but denies that the cited statutes violate rights guaranteed by the Second Amendment.

83. Deny.

### Count II: The 18-To-20-Year-Old Carry Ban, As Applied To 18-To-20-Year-Old

### Women, Violates The Second and Fourteenth Amendments

### *(Plaintiffs Jordan Blakey and FPC v. Defendants)*

84. Forrest incorporates by reference his responses to the preceding paragraphs.

85. Admit.

86. Deny.

87. Paragraph 87 contains conclusory statistical statements. Forrest admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. Forrest denies each and every other factual allegation in Paragraph 87.

88. Paragraph 88 contains conclusory statistical statements. Forrest admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. Forrest denies each and every other factual allegation in Paragraph 88.

89. Paragraph 89 contains conclusory statistical statements. Forrest admits the cited sources reflect the statistics described, but denies such statistics completely or accurately describe relevant crime rates. Forrest denies each and every other factual allegation in Paragraph 89.

90. Deny.

91. Paragraph 91 contains conclusory statements and argument that require no response.

**Prayer for Relief**

While this paragraph contains allegations to which no response is required, Forrest denies

Plaintiffs' entitlement to the relief requested.


Respectfully submitted,


/s/ *Ken Hanson*
KEN HANSON


Ken Hanson
Assistant County Attorney
Parker County Attorney's Office
Texas Bar No. 08933500
Northern District ID No. 08933500
101 N. Main Street
Weatherford, Texas  76086
(817) 594-8409 Telephone
(817) 594-8414 Facsimile
Ken.hanson@parkercountytx.com

Counsel for Defendant
John Forrest, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on _____, 2022, a true and
correct copy of the foregoing document was served via the Court's CM/ECF system to all
counsel of record.


/s/ *Ken Hanson*
KEN HANSON