# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| AIDAN ANDREWS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:21-cv-01245-P |
| | ) | |
| STEVEN MCCRAW, et al., | ) | District Judge Mark T. Pittman |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT J. BRETT SMITH'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO RULES 12(B)(1) AND 12(H)(3)

The Second Amendment "right to possess and carry weapons in case of confrontation" presumptively "belongs to all Americans," not "an unspecified subset." *District of Columbia v. Heller*, 554 U.S. 570, 580, 581, 592 (2008). Plaintiffs are 18-to-20-year-old adult Americans (and an organization that includes such people among its members) who may vote, enter contracts, and marry. They are eligible to serve in the military. And yet, under Texas law, they are forbidden from carrying a handgun on their person in public places.

The only issue in this litigation is whether, either facially, or as-applied specifically to 18-to-20-year-old women, the restrictions that Texas law places upon 18-to-20-year-olds is constitutionally permissible. This purely legal issue implicates no individual facts and requires no development of the record, as the parties have already agreed. And any delay in adjudicating this dispute prolongs the deprivation of Plaintiffs' Second Amendment rights. As a result, Defendant J. Brett Smith's motion to dismiss the case as unripe must be denied.

## I. Plaintiffs Challenge Laws That Prevent Them From Exercising Their Second Amendment Rights.

Texas generally makes it illegal for 18-to-20-year-old adults to carry handguns in public for self-defense or other lawful purposes. TEX. PENAL CODE ANN. § 46.02(a). Although there is an exception for individuals who are licensed to carry a handgun, *id.* § 46.15(b)(6)(A), other than members or honorably discharged veterans of the military, no one under 21 can become licensed to carry a handgun, TEX. GOV'T CODE ANN. § 411.172(g), (a)(2). This "statutory scheme in effect prohibits the majority of 18-20-year-olds from carrying a handgun in public." *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 342 (5th Cir. 2013). Violations of this scheme ("the Carry Ban") are punishable by up to $4,000 in fines and up to a year in jail. TEX. PENAL CODE ANN. §§ 12.21, 46.02(b).

The Carry Ban is enforced by the Defendants in this action (including Defendant J. Brett Smith). Defendant Steven C. McCraw is the Director of the Texas Department of Public Safety, which includes the Texas Rangers and the Texas Highway Patrol. As "executive director of the department," McCraw has a duty "to enforce the laws protecting the public safety and provide for prevention and detection of crime" as well as administer the State's carry licensing regime. TEX. GOV'T CODE ANN. §§ 411.002, 174, 177. Smith and the other local defendants have the exclusive authority to prosecute criminal cases on behalf of the State in their counties. TEX. CONST. art. V § 21; *State v. Stephens*, --- S.W.3d ----, 2021 WL 5917198 (Tex. Crim. App. Dec. 15, 2021).

The Individual Plaintiffs (Aidan Andrews and Jordyn Blakey) are law-abiding, responsible citizens between 18- and 21-years-old, residents of Texas, who have never been members of the armed forces and are not disqualified by anything but their age from exercising their Second Amendment rights under Texas's carriage system. Complaint, Doc. 1 ¶¶ 42–45, 48, 53–57, 60 (November 9, 2021) ("Compl."). Andrews is a student in Parker County who works part time at a

grocery store. *Id.* ¶¶ 42, 47. He owns a handgun which he would carry in public for self-protection if it were lawful for him to do so. *Id.* ¶ 47. Blakey lives in Fannin County but often travels to Grayson County for school and for work. *Id.* ¶ 53–54. She would on occasion carry a handgun with her for self-defense if it were lawful for her to do so. *Id.* ¶ 58–59. The Firearms Policy Coalition ("FPC") is a non-profit organization that seeks to defend and promote the fundamental, individual Second Amendment right to keep and bear arms. *Id.* ¶ 22. It brings this suit on behalf of its 18-to-20-year-old members in Texas (including the Individual Plaintiffs). *Id.*

## II. Plaintiffs' Claims Against Defendant Smith are Ripe for Review.

Smith argues that this Court lacks subject matter jurisdiction over Plaintiffs' claims against him because no plaintiff has presented a ripe claim. As an initial matter, Smith is wrong to focus almost exclusively on Blakey, who works and attends school in Grayson County where Smith is Criminal District Attorney. FPC also has presented ripe claims against Smith on behalf of its 18-to-20-year-old members (including Blakey), who live in Texas (including in Grayson County) and face prosecution for exercising their constitutional right to bear arms. *See Nat'l Rifle Ass'n of Am., Inc. v. BATFE*, 700 F.3d 185, 191–92 (5th Cir. 2012) (finding NRA had associational standing on behalf of its 18-20-year-old members in similar Second Amendment challenge). However, given that Smith focuses on Blakey and her claim is the same, in substance, as FPC's, the issue presented by his motion can be simply stated as follows: If Blakey has a ripe claim against Smith, then this court has jurisdiction. And there can be no doubt Blakey's claim is ripe.

The "basic rationale [behind the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). "The key considerations are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003) (citations omitted). "A pre-enforcement action

'is generally ripe if any remaining questions are purely legal . . . [and] further factual development is not required for effective judicial review." *LeClerc v. Webb*, 419 F.3d 405, 414 (5th Cir. 2005) (quoting *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000)).

Here, by agreement of the parties, no further factual development is necessary for effective judicial review and the only issues in the case are purely legal. *See* Scheduling Order, Doc. 41 at 1 n.1. Even if the parties had not already agreed on this point, that would still be the case. Addressing a similar challenge on appeal, the Seventh Circuit in *Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012) reversed a decision granting a motion to dismiss and, rather than remanding for discovery, summary judgment, and (if necessary) trial, it ordered judgment entered for plaintiffs because "there [were] no evidentiary issues in [the] case[]" and "the constitutionality of the challenged statutory provisions [did] not present factual questions for determination at trial" but rather turned on "legislative facts," *i.e.*, "facts that bear on the justification for legislation, as distinct from facts concerning the conduct of the parties in a particular case." Indeed, both of the Fifth Circuit's cases addressing restrictions on the Second Amendment rights of 18-to-20-year-olds focused exclusively on historical and statistical (legislative) facts and legal issues, without reference to the sort of particularized facts that might result from further development of the record. *See generally McCraw*, 719 F.3d at 346–349; *BATFE*, 700 F.3d at 198–211.

As for hardship, delaying resolution of the case would result in hardship to Plaintiffs. Smith appears to suggest that resolution is not appropriate until Plaintiffs have experienced *extreme* hardship, in the form of arrest and prosecution for violating the Carry Ban they seek to challenge. *See* Def. Smith's Mot. to Dismiss, Doc. 33 at 5 (Dec. 20, 2021) ("Smith Mot."). But this level of hardship is not necessary to ripen a dispute. Courts generally consider a dispute "ripe" and the prospect of hardship established where a party's "constitutional rights [would be]

undermined by the delay." *See Ehrenfeld v. Mahfouz*, 489 F.3d 542, 546 (2d Cir. 2007) (quotations omitted); *see also Roark v. Hardee LP v. City of Austin*, 522 F.3d 533, 545 (5th Cir. 2008) ("The City argues the case is not ripe because . . . complying with the ordinance would not affect the exercise of Plaintiffs' First Amendment or fundamental constitutional rights."). Here, "the very existence of" the Carry Ban "stands as a fixed harm" to the Plaintiffs' Second Amendment rights. *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011). The loss of that right "for even minimal periods of time, unquestionably constitutes . . . injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.); *accord Ezell*, 651 F3d at 699. Therefore, because there is no need for further factual development and Plaintiffs face hardship from further delay in adjudicating this dispute, Blakey's claim against Smith is ripe and this Court has subject matter jurisdiction to resolve it.

Smith argues this case is not ripe because the Plaintiffs do not face a credible threat of future enforcement under the Carry Ban, noting that no plaintiff has "been sentenced, prosecuted or even arrested in Grayson County" for violating the Carry Ban and claims of any harm are necessarily "hypothetical" because Blakey "has chosen not to violate the law." Smith Mot. at 5–6. But that is the whole point of a pre-enforcement challenge, as the Fifth Circuit has held in the context of this very Ban. "When asking a federal court to engage in pre-enforcement review of a criminal statute, a plaintiff need not violate the statute; he may meet [the] injury requirement by showing 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and . . . a credible threat of prosecution thereunder.' " *McCraw*, 719 F.3d at 345 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).

Blakey has met that standard here. She has alleged she both works and goes to school in Grayson County and that, but for the enforcement of the Carry Ban, she would "carry a handgun in public for purposes of self-defense." Compl. ¶ 60. Smith faults Blakey for not saying specifically

how often she is in Grayson County, where *exactly* she would like to carry a firearm, and whether she wants to carry a firearm openly, concealed or in her vehicle.[1] Smith Mot. at 5. But none of those issues matter (or need to be alleged any more specifically than they have been) for establishing the ripeness of this dispute, especially at this stage in the litigation. *See Haverkamp v. Linthicum*, 6 F.4th 662, 668–69 (5th Cir. 2021) ("On a motion to dismiss for lack of jurisdiction, all well-pleaded facts are taken as true and all reasonable inferences must be made in the plaintiff's favor."). Blakey has alleged that she is employed and attends school in Grayson County, so she is there regularly. Whether she should be allowed to carry concealed or openly is immaterial; the Carry Ban currently prohibits her from doing both, TEX. PENAL CODE ANN. § 46.02(a), and either would provide her an avenue for exercising her fundamental right to carry a handgun. Finally, there is nothing "hypothetical" about what would happen if Blakey chose to violate the Carry Ban. The Fifth Circuit found in *McCraw* that the Carry Ban operates "to deprive plaintiffs of their alleged constitutional rights." 719 F.3d at 345. Indeed, the State, in its Answer, admitted the Ban is actively enforced throughout Texas "and preclude[s] persons matching the description of Plaintiff Blakey . . . from lawfully obtaining a license to carry a handgun . . . [and] such persons without a license to carry a handgun are subject to" punishment for carrying unlawfully. Def. McCraw's Answer, Doc. 38 ¶ 60 (Dec. 23, 2021). Nothing more needs to happen for these issues to be ripe for review.[2]

---

[1] Plaintiffs may lawfully possess handguns in their automobiles. *See* Compl. ¶ 40; TEX. PENAL CODE ANN. § 46.02(a)(1)–(2). Because they allege a desire to "carry" in a way that is not allowed under the Carry Ban, Plaintiffs' Complaint should be read to allege a desire to carry a handgun *on their persons*.

[2] Even if Plaintiffs' claims were not ripe against Smith (and they are), that would mean only that Smith should be dismissed. Neither Smith nor any of the other Defendants argue that Plaintiffs' claims are not ripe against any of the other Defendants. And Plaintiffs' claims plainly are ripe against those other Defendants. Defendant McCraw administers the licensing program

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant Smith's motion to dismiss for lack of subject matter jurisdiction.

Dated: January 10, 2022                    Respectfully submitted,

                                           */s/ David H. Thompson*

R. Brent Cooper                            David H. Thompson*
Texas Bar No. 04783250                     Peter A. Patterson*
COOPER & SCULLY, P.C.                       William V. Bergstrom*
900 Jackson Street, Suite 100              COOPER & KIRK, PLLC
Dallas, Texas 75202                        1523 New Hampshire Avenue, N.W.
Telephone: (214) 712-9500                  Washington, D.C. 20036
Telecopy: (214) 712-9540                   (202) 220-9600
                                           (202) 220-9601 (fax)
                                           dthompson@cooperkirk.com
                                           ppatterson@cooperkirk.com
                                           wbergstrom@cooperkirk.com
                                           *Admitted pro hac vice

                                           *Attorneys for Plaintiffs*


**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

                                           */s/ David H. Thompson*
                                           David H. Thompson

---

that prohibits 18-to-20-year-old Texans from obtaining a license to carry, *see* Compl. ¶ 23, and the other Defendants enforce the Carry Ban in the counties where the individual plaintiffs reside, *see* Compl. ¶¶ 24, 25, 42, 52.