IN THE UNITED STATES DISTRICT COURT
for the NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AIDAN ANDREWS, JORDYN BLAKEY, and FIREARMS POLICY COALITION, INC., | § | |
|     *Plaintiffs*, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety, JOHN FORREST in his official capacity as County Attorney of Parker County, RICHARD E. GLASER, in his official capacity as Criminal District Attorney of Fannin County, and J. BRETT SMITH, in his official capacity as District Attorney of Grayson County, | § § § § § § § § § § | Civil Action No. 4:21-cv-1245 |
|     *Defendants*, | § | |

---

**DEFENDANT J. BRETT SMITH'S BRIEF IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

---

CRAIG M. PRICE
Texas Bar No. 16284170
Assistant Criminal District Attorney for Grayson
County, Texas
200 S. Crockett St., Suite 116A
Sherman, Texas  75090
Telephone: 903-813-4258
Telecopier: 903-892-9933
pricec@co.grayson.tx.us

*Counsel for Defendant*
*J. Brett Smith, in his Official Capacity as*
*Criminal District Attorney for Grayson County,*
*Texas*

# TABLE OF CONTENTS

I.    BACKGROUND ................................................................................................ 6

II.   ARGUMENT AND AUTHORITIES ............................................................... 6

   A.   Standard of Review for Summary Judgment. ............................................. 6

   B.   Defendant Smith Is Entitled To Summary Judgment Because Plaintiffs Have Failed To Establish Subject Matter Jurisdiction. ......................................................................... 7

      *1.   Ripeness Is Required For Adjudication* ..................................................... 8

      *2.   Plaintiffs Fail To Assert Sufficient Facts To Establish Subject Matter Jurisdiction In Grayson County.* ......................................................................................................... 9

      *3.   Andrews and Firearms Policy Coalition Have Not Been Harmed in Grayson County.* ............ 11

   C.   Defendant Smith's Sovereign Immunity Bars Plaintiffs' Claim For Attorneys' Fees .................. 12

   D.   Defendant Smith Is Entitled To Summary Judgment Because The Fifth Circuit Recently Has Rejected Plaintiffs' Identical Claims. ................................................................. 17

      *1.   The two-step inquiry applicable to Plaintiffs' Second Amendment claims.* ............................. 18

      *2.   Count 1 fails because, facially and as-applied to Plaintiffs, the 18-to-20-year-old carry ban does not violate the Second or Fourteenth Amendments.* ................................................. 18

      *3.   Count 2 fails because, facially and as-applied to Plaintiffs Blakey and FPC's female members, the 18-to-20-year-old carry ban does not violate the Second or Fourteenth Amendments.* ............... 21

III.  QUALIFIED IMMUNITY BARS RECOVERY OF ATTORNEYS' FEES ................................ 23

IV.   PRAYER FOR RELIEF .............................................................................. 24

TABLE OF AUTHORITIES

**Cases**

*Alden v. Maine*, 527 U.S. 706, 713 (1999) .................................................................... 13

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986) ............................................. 6

*Arpaio v. Obama*, 797 F.3d 11, 19-21 (D.C. Cir. 2015) ................................................. 11

*Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238-39 (1985) ................................ 13

*Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979).......................................................... 8

*BAFT*, 700 F.3d at 194. (citations omitted) .................................................................. 17

*BAFT*, 700 F.3d at 203 ............................................................................................ 18, 21

*BAFT*, 700 F.3d at 205 ................................................................................................... 22

*Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991) ............................... 13

*Caboni v. General Motors Corp*., 278 F.3d 448, 451 (5th Cir. 2002) .............................. 6

*California v. Texas*, 593 U.S. ___ (slip op. at 8), 141 S.Ct. 2104 (2021)..................... 14

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ........................................................ 6

*Celotex*, 477 U.S. at 324 ................................................................................................... 6

*Charleston v. Pate*, 194 S.W.3d 89, 90-91 (Tex. App.—Texarkana 2006, no pet.).................... 24

*Cheatham v. Allstate Ins. Co*., 465 F.3d 578, 582 (5th Cir. 2006) (per curiam)............................ 6

*City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007)...................................... 15

*City of Houston v. Hous. Mun. Emps. Pension Sys*., 549 S.W.3d 566, 575 (Tex. 2018).............. 15

*City of Houston*, 549 S.W.3d at 575 .............................................................................. 15

*Clapper v. Amnesty, Int'l USA*, 568 U.S. 398, 409 (2013) ............................................ 14

*Clawson v. Wharton County*, 941 S.W.2d 267, 272 (Tex. App.—Corpus Christi 1996, writ denied)
.................................................................................................................................. 23

*Clawson*, 941 S.W.2d at 272 .......................................................................................... 23

*District of Columbia v. Heller*, 554 U.S. 570 (2008). *Id.* at 345–49 ............................ 16

*Driehaus*, 573 U.S. at 164............................................................................................... 9

*Duke Power Co. v. Carolina Envtl. Study Group*, 438 U.S. 59, 82 (1978) ..................... 8

*Duke Power*, 438 U.S. at 82........................................................................................... 10

*Elec. Privacy Inf. Ctr. V. United States DOC*, 928 F.3d 95, 100-01 (D.C. Cir. 2019)................ 11

*Ex Parte Young*, 209 U.S. 123 (1908) ........................................................................... 14

*Firearms Policy Coalition, Inc. v Barr*, 419 F.Supp.3d 118, 125 (D.C.D.C 2019)..................... 11

*Fitzpatrick v. Bitzer*, 427 U.S. 445, 453-56 (1976).......................................................... 14

*Flast v. Cohen*, 392 U.S. 83, 96, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968) ....................... 7

*Flast*, 392 U.S. at 96 ........................................................................................................ 9

*Font v. Carr*, 625 S.W.2d 873, 874-76 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.)
.................................................................................................................................. 23

*Gates v. Tex. Dep't of Protective & Regulatory Servs*., 537 F.3d 404, 417 (5th Cir. 2008) ......... 6

*Green v. Mansour*, 474 U.S. 64, 68 (1985)..................................................................... 13

*Hans v. Louisiana*, 134 U.S. 1, 3-7 (1890) .................................................................... 13

*Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982): *Davis v. Scherer*, 468 U.S. 183, 197 (1984)
.................................................................................................................................. 22

*Heller*, 554 U.S. at 626 ..................................................................................... 18, 20, 21

*Heller*, 554 U.S. at 626, 128 S.Ct. 2783 ....................................................................... 18

*Heller. BAFT*, 700 F.3d at 206 ...................................................................................... 22

*Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333 (1977) ............................... 11

*Imbler v. Pachtman*, 424 U.S. 409, 420-24, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) ..................... 23

*Imbler*, 424 U.S. at 420-24 .................................................................................................................. 23

*In re Cao*, 619 F.3d 410, 430 (5th Cir. 2010) .................................................................................. 20

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) ...................................... 6

*McCraw*, 719 F.3d at 343 ................................................................................................................. 16

*McCraw*, 719 F.3d at 344 .......................................................................................................... 11, 16

*McCraw*, 719 F.3d at 344 n.3 .......................................................................................................... 11

*McCraw*, 719 F.3d at 347 .......................................................................................................... 18, 21

*McCraw*, 719 F.3d at 347; *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3050 (2010) ........... 18

*McCraw*, 719 F.3d at 348-49 ........................................................................................................... 23

*McCraw*, 719 F.3d at 348–49 ........................................................................................................... 19

*McCraw*, 719 F.3d at 349 .......................................................................................................... 21, 22

*Metropolitan Washington Airport Auth. v. Citizens for Abatement of Airport Noise*, 501 U.S. 252, 265, 111 S.Ct. 2298, 115 L.Ed.2d 236, 252 (1991) ......................................................................... 7

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 n.2 (Tex. 2008) .................. 15

*Nat'l Rifle Ass'n of America, Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives ("BAFT")*, 700 F.3d 185, 194 (5th Cir. 2012) ................................................................................. 17

*Nat'l Rifle Ass'n of America, Inc. v. McCraw ("McCraw")*, 719 F.3d 338, 342-43 (5th Cir. 2013), *cert denied*, 571 U.S. 1196 (2014) .................................................................................................. 16

*Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) .................................................. 8

*Orix*, 212 F.3d at 897 ......................................................................................................................... 8

*PennEast Pipeline Co. v. New Jersey*, 141 S.Ct. 2244, 2258 (2021) .......................................... 13

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 107 (1984) .................................. 14

*Pennhurst*, 465 U.S. at 107 .............................................................................................................. 15

*Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) ................................... 15

*See Franchise Tax Bd. of Calif. v. Hyatt*, 139 S.Ct. 1485, 1496 (2019) ....................................... 15

*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 74 (1996) ............................................................ 14

*Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002) ...................................................................... 7

*Shields*, 212 F.3d at 835 .................................................................................................................. 11

*Shields*, 289 F.3d at 835 .................................................................................................................... 8

*Skoien*, 614 F.3d at 640, 641 .......................................................................................................... 22

*State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009) ........................................................................ 15

*Steffel v. Thompson*, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) ......................... 7

*Summers v. Earth Island Institute*, 555 U.S. 488, 497-500 (2009) ............................................... 11

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014) ...................................................... 8

*Tercero v. Texas Southmost College Dist.*, 989 F.3d 291, 296-97 (5th Cir. 2021) ...................... 15

*Tercero*, 989 F.3d at 296-97 ............................................................................................................ 15

*Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995) ......................................................... 6

*U.S. v. Booker*, 644 F.3d 12, 23 (1st Cir. 2011); *accord BAFT*, 700 F.3d at 204 ....................... 22

*U.S. v. Chester*, 628 F.3d 673, 682 (4th Cir. 2010) ...................................................................... 17

*U.S. v. Moreno*, 811 F. App'x 219, 224 (5th Cir. 2020) ................................................................ 17

*Urban Developers, LLC v. City of Jackson*, 468 F.3d 281, 295 (5th Cir. 2006) ............................. 7

*Venator Grp. Specialty, Inc. v. Matthew/Muniot Family, LLC*, 322 F.3d 835, 838 (5th Cir. 2003) 7

*Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) ............................. 14

*Virginia v. American Booksellers Ass'n*, 484 US 383, 392-393 (1988) ......................................... 8

*Wilson v. Layne*, 526 U.S. 603, 605-06 (1999) .............................................................................. 22

**Statutes**

42 U.S.C. § 1983.................................................................................................. 3, 12, 13, 22

42 U.S.C. § 1988.................................................................................................... 3, 12, 14

Texas Penal Code § 46.02(a) .................................................................................... 6, 7, 8, 21

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................ 5

Fed. R. Civ. P. 12(h)(3)...................................................................................................... 5

Fed. R. Civ. P. 56(a) ....................................................................................................... 3, 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AIDAN ANDREWS, JORDYN BLAKEY, and FIREARMS POLICY COALITION, INC., | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| STEVEN MCCRAW, in his official capacity as | § | |
| Director of the Texas Department of Public | § | Civil Action No. 4:21-cv-1245 |
| Safety, JOHN FORREST in his official capacity | § | |
| as County Attorney of Parker County, | § | |
| RICHARD E. GLASER, in his official capacity | § | |
| as Criminal District Attorney of Fannin | § | |
| County, and J. BRETT SMITH, in his official | § | |
| capacity as District Attorney of Grayson | § | |
| County, | § | |
| *Defendants*, | § | |

**DEFENDANT J. BRETT SMITH'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant J. Brett Smith, in his official capacity as the elected Criminal District Attorney of Grayson County, Texas ("Smith"), files this Brief in Support of Motion for Summary Judgment in the above-referenced and numbered action, pursuant to Fed. R. Civ. P. 56(a), and respectfully shows this Court the following:

## I.     BACKGROUND

Plaintiffs seek a declaratory judgment against Defendants to declare that certain Texas statutes are unconstitutional because they infringe upon Plaintiffs' Second Amendment right to bear arms and their Fourteenth Amendment right to equal protection under the law, as authorized by 42 U.S.C. § 1983. *See Complaint*, [Doc. 1], ¶¶ 1-19; 28. They also seek to recover their attorneys' fees pursuant to 42 U.S.C. § 1988. *See Complaint*, [Doc. 1], ¶ 28.

## II.     ARGUMENT AND AUTHORITIES

### A.     Standard of Review for Summary Judgment.

6

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute over a material fact is genuine when there is evidence sufficient for a rational trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When considering only admissible evidence in the pretrial record, the court will view all facts in the light most favorable to the non-moving party and draw all factual inferences in the nonmovant's favor. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 582 (5th Cir. 2006) (per curiam).  If the moving party demonstrates the absence of a genuine issue of material fact, summary judgment is appropriate. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

Once the moving party has met its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324.  The nonmoving party's burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Once the nonmovant has had the opportunity to make this showing, summary judgment will be granted if no reasonable juror could find for the nonmovant. *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002); *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008).

**B.**     **Defendant Smith Is Entitled To Summary Judgment Because Plaintiffs Have Failed To Establish Subject Matter Jurisdiction.**

This Court does not have subject matter jurisdiction to consider Plaintiffs' claims against Defendant Smith because the Plaintiffs have not alleged sufficient facts to establish that their claims are ripe for adjudication.  [Doc. 32]

### *1.   Ripeness Is Required For Adjudication.*

Ripeness is a constitutional prerequisite to the exercise of jurisdiction.  *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002).  The question of ripeness goes to the court's subject matter jurisdiction and is to be treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  *Metropolitan Washington Airport Auth. v. Citizens for Abatement of Airport Noise*, 501 U.S. 252, 265, 111 S.Ct. 2298, 115 L.Ed.2d 236, 252 (1991).  The ripeness inquiry should be raised when the lawsuit arises, and the matter must remain live through the litigation.  *Steffel v. Thompson*, 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).  If the Court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3) (lack of subject matter jurisdiction not waived by failure to join with earlier motion to dismiss under Fed. R. Civ. P. 12).

Three basic factors are considered by the courts to determine whether a matter is ripe for adjudication: (1) a legal dispute that is real and not hypothetical; (2) a concrete factual predicate so as to allow a reason for adjudication; and (3) a legal controversy that can sharpen the issues for judicial resolution.  *Flast v. Cohen*, 392 U.S. 83, 96, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).  *See also Urban Developers, LLC v. City of Jackson*, 468 F.3d 281, 295 (5th Cir. 2006).  In the declaratory judgment context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.  *Venator Grp. Specialty, Inc. v. Matthew/Muniot Family, LLC*, 322 F.3d 835, 838 (5th Cir. 2003).  It is not necessary that the litigant have already suffered harm for the matter to be

ripe; it is sufficient that there is a *reasonable probability* of harm.  *See Duke Power Co. v. Carolina Envtl. Study Group*, 438 U.S. 59, 82 (1978).  The threat of litigation, if specific and concrete, can establish a controversy upon which declaratory judgment can be based.  *Id*. at 897.  However, the court must look to the practical likelihood that a controversy will become real.  *Shields*, 289 F.3d at 835.  The analysis must be addressed on a case-by-case basis.  *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000).  Plaintiffs have the burden to allege facts to show that future contingencies are likely to occur.  *Orix*, 212 F.3d at 897.

The United States Supreme Court has permitted those whom a law threatens with constitutional harm to bring pre-enforcement challenges to the law.  *See Virginia v. American Booksellers Ass'n*, 484 US 383, 392-393 (1988).  *See also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014).  A plaintiff satisfies such pre-enforcement injury-in-fact requirement where he or she alleges an intention to engage in a course of conduct arguably affected with a constitutional interest that is proscribed by a statute, and there exists a ***credible threat of prosecution*** thereunder.  *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979).

### 2. *Plaintiffs Fail To Assert Sufficient Facts To Establish Subject Matter Jurisdiction In Grayson County.*

Plaintiffs have not established a credible threat of prosecution by Defendant Smith in Grayson County pursuant to Texas Penal Code § 46.02(a).  [Doc. 32]  They have not been sentenced, prosecuted or even arrested by any law enforcement agency in Grayson County for an alleged violation of the statute.  At most, only Plaintiff Jordyn Blakey (hereafter, "Blakey") alleges that it is ***possible*** -- if she were to carry a handgun -- that she may one day be charged in ***Grayson County*** with violating Texas Penal Code § 46.02(a) because she travels to Grayson County to attend school and work, although she refuses to disclose where she works or where she goes to school.  Blakey states that she "would on occasion carry a handgun in self-defense" when going

9

to and from work, although she is not allowed to open carry during her work shift.  *See Declaration of Jordyn Blakey*, Appx. Smith 083-84, ¶7.  Blakey admits that she lives in Fannin County, not Grayson County, but she fails to allege how often she travels to Grayson County or how much time she actually spends in Grayson County on a daily or weekly basis.  *See Plaintiffs' Complaint*, [Doc. 1], ¶¶ 21, 52-64.

Plaintiff Blakey also fails to allege that her place of school would even permit her to carry a weapon on their premises.  *See Complaint*, [Doc. 1], ¶¶ 21, 52-64 (*Blakey's desire to carry a handgun at school is still restricted, or prohibited completely, by school's policy*).  However, the only two educational institutions that she could attend in Grayson County – Grayson College and Austin College – limit the ability of their students to carry handguns on campus.  *See Declaration of Craig M. Price, at* Appx. Smith 008, *¶¶ 4-5, and Exhibit "B" thereto, at* Appx. Smith 0042-0045, *Exhibit "C" thereto, at* Appx. Smith 0053-0058, *thereto*.  Austin College does not allow handguns anywhere on campus.  *Id., Price Declaration,* Appx. Smith 008, *at Exhibit "C" thereto, at* Appx. Smith 0058.

Based on Plaintiff Blakey's allegations, the likelihood that she will be subject in Grayson County to enforcement by Defendant Smith of Texas Penal Code § 46.02(a) is completely hypothetical and incapable of any quantification.  *See Flast*, 392 U.S. at 96.  In *Susan B. Anthony List v. Driehaus*, the Supreme Court found that eventual enforcement of the criminal statute was reasonably probable when any complainant—not just a prosecutor or governmental agency – could initiate a prosecution, thereby increasing the likelihood that enforcement was sufficiently eventual.  *Driehaus*, 573 U.S. at 164.  Conversely, enforcement of Texas Penal Code § 46.02(a) requires the police to first arrest Plaintiff Blakey in Grayson County before Defendant Smith could even

consider whether to prosecute her for the offense.  *See Declaration of J. Brett Smith,* Appx. Smith 006*, at ¶7.*

Therefore, Plaintiff Blakey has failed to allege sufficient facts to establish that Defendant Smith's ***potential*** enforcement against her of Texas Penal Code § 46.02(a) is likely to give rise to harm against Plaintiff Blakey with any reasonable probability.  *Duke Power*, 438 U.S. at 82. Although Plaintiff Blakey does not state her age, it is more likely that she will turn 21 years old before she ever gets arrested or prosecuted in Grayson County for unlawfully carrying a weapon, assuming that, as a purported law-abiding citizen, she did not have any other contact with a law enforcement agency while openly carrying a handgun.

### 3. *Andrews and Firearms Policy Coalition Have Not Been Harmed in Grayson County.*

This Court also does not have jurisdiction over the claims of Plaintiffs Aidan Andrews and Firearms Policy Coalition, Inc., because they do not allege any action has been taken against them by Defendant Smith in Grayson County, Texas; therefore, they lack standing to assert any claims against Defendant Smith.

Plaintiffs Andrews has alleged no facts to indicate that Defendant Smith's possible enforcement of Texas Penal Code § 46.02(a) is reasonably likely to result in harm to him in Grayson County, Texas.  *See Complaint*, [Doc. 1], ¶¶ 20, 22, 41-51.  Therefore, he has no standing, and Defendant Smith should be granted summary judgment against all of Andrews' claims.

Additionally, Firearms Policy Coalition, Inc. (hereafter, "FPC"), does not satisfy standing requirements of an association.  *See Complaint*, [Doc. 1], ¶22.  An association has standing to sue on behalf of its members only if the following conditions are satisfied: (1) the association's members would otherwise have standing in their own right; (2) the interest the association is

11

seeking to protect is germane to the association's purpose; and (3) neither the claim asserted nor the relief requested requires participation of individual members in the lawsuit. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333 (1977).

The organization also must show that the defendant's actions cause a concrete and demonstrable injury to the organization's activities that is more than simply a setback to the organization's abstract social interests. *Elec. Privacy Inf. Ctr. V. United States DOC*, 928 F.3d 95, 100-01 (D.C. Cir. 2019). *Firearms Policy Coalition, Inc. v Barr*, 419 F.Supp.3d 118, 125 (D.C.D.C 2019). *See McCraw*, 719 F.3d at 344 n.3 (an association's standing is not automatically established just because one of the association's members has standing).

FPC's complaint hypothesizes the sort of improbable chain of future events that does not satisfy the injury-in-fact requirement for Article III standing. *See Arpaio v. Obama*, 797 F.3d 11, 19-21 (D.C. Cir. 2015). Plaintiff FPC claims representational standing based solely on the probability that a member might be harmed somewhere in Texas, which is the same theory of standing rejected in *Summers v. Earth Island Institute*, 555 U.S. 488, 497-500 (2009).

As a result, the claims of all three Plaintiffs against Defendant Smith are not ripe, and this Court should dismiss this action against Defendant Smith for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and Federal Rules of Civil Procedure 12(h)(3) or, alternatively, the Court should grant Defendant Smith a summary judgment. *See Shields*, 212 F.3d at 835.

C.   **Defendant Smith's Sovereign Immunity Bars Plaintiffs' Claim For Attorneys' Fees.**

Plaintiffs' complaint against Defendant Smith constitutes a misplaced attempt to declare the Texas open carry handgun scheme unlawful as a violation of their Second Amendment rights.

The proper defendant is either the State of Texas or the Attorney General, not a criminal district attorney of any particular county.

Texas law requires that any challenge to the constitutionality of a Texas statute must include notice to the Texas Attorney General if the Attorney General is not a party or counsel to the action. *See* Tex. Gov't Code, § 402.010(a). Whether the Texas Attorney General is sufficiently named as a party to this action is a question for the Court because Defendant McCraw's counsel are representatives of the Texas Attorney General's Office. However, it follows that, if the Texas Attorney General must receive notice to any challenge to a Texas statute's constitutionality, it is not necessary for any other Texas official to be named as a party in order to challenge a statute's constitutionality. Therefore, Defendant Smith is not a proper or necessary party to this action.

Even if Plaintiffs may sue Defendant Smith, their claims against him for attorneys' fees are barred by sovereign immunity because this action against Defendant Smith in his official capacity as the Criminal District Attorney of Grayson County, Texas is, in fact, a claim against the State of Texas.

Defendant Smith currently is the elected Criminal District Attorney of Grayson County, Texas. Pursuant to Tex. Gov't Code § 44.191(e), he was appointed by the Grayson County Commissioners Court to serve as the interim Grayson County Criminal District Attorney on May 1, 2018, following the resignation of his predecessor and former boss, Joseph Brown, who was nominated by President Donald Trump to serve as the United States Attorney for the Eastern District of Texas. Defendant Smith was then elected to complete the unexpired term in November of 2018, and he was re-elected to a four-year term in November of 2020. His current, full term began on January 1, 2021. *See Smith Declaration,* Appx. Smith 004-005*, at ¶2.*

As an elected Criminal District Attorney, Defendant Smith is a state official.  Tex. Const., Art. 5, § 21.  As a result, Defendant Smith – as a state official – is entitled to invoke sovereign immunity under the Eleventh Amendment to the United States Constitution**.**

Each state is a sovereign entity in the American federal system, and it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.  *See, generally, Hans v. Louisiana*, 134 U.S. 1, 3-7 (1890).  In order to determine whether Congress has abrogated the States' sovereign immunity, the court asks two questions: first, whether Congress has unequivocally expressed its intent to abrogate the immunity, and second, whether Congress has acted pursuant to a valid exercise of power.  *Green v. Mansour*, 474 U.S. 64, 68 (1985).  Congress' intent to abrogate the States' immunity from suit must be obvious from a ***clear legislative statement***.  *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991).  A general authorization for suit in federal court is not the kind of unequivocal statutory language sufficient to abrogate the Eleventh Amendment.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238-39 (1985).

A state may be sued if it has agreed to suit in the plan of the Constitutional Convention, which is shorthand for the structure of the original Constitution itself.  *PennEast Pipeline Co. v. New Jersey*, 141 S.Ct. 2244, 2258 (2021).  A state's immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today except as altered by the plan of the Constitution or certain constitutional Amendments.  *Alden v. Maine*, 527 U.S. 706, 713 (1999).

Federal courts enjoy the power to enjoin individuals tasked with enforcing laws, not the laws themselves.  *California v. Texas*, 593 U.S. ___ (slip op. at 8), 141 S.Ct. 2104 (2021)

(acknowledging claims for constitutional violations against an official under *Ex Parte Young*). However, the named defendant must be one who can or will seek to enforce the Texas law in a manner that might permit the Court's intervention. *See Clapper v. Amnesty, Int'l USA*, 568 U.S. 398, 409 (2013) (threatened injury must be certainly impending). In determining whether the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908). avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective. *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). The limits the Supreme Court has recognized reflect the principle that the general criterion for determining when a suit is in fact against the sovereign is the effect of the relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 107 (1984).

Where Congress has prescribed a detailed remedial scheme for the enforcement against a State of a statutorily created right, a court should hesitate before casting aside those limitations and permitting an action against a state officer, like Defendant Smith, based on *Ex Parte Young*. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 74 (1996). In other words, Plaintiffs cannot both sue a state official under the authority of *Ex Parte Young* and invoke the remedial scheme set forth in 42 U.S.C. § 1983 for the protection of their civil rights, including their constitutional rights under the Second Amendment, which is permitted by Section 5 of the Fourteenth Amendment. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 453-56 (1976)

Because Plaintiffs seek attorneys' fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Awards Act of 1976, which generally authorizes attorneys' fees for actions under 42 U.S.C. § 1983, it is apparent that Plaintiffs are invoking the remedial scheme set forth in 42 U.S.C. § 1983 and not the cause of action permitted by *Ex Parte Young* and its progeny. Plaintiffs'

15

primary relief sought is to declare the Texas statute unconstitutional, so their suit is against the sovereign – the State of Texas – and not against the state official, Defendant Smith. *Pennhurst*, 465 U.S. at 107.

The United States Constitution affords two types of immunity under state law. *Tercero v. Texas Southmost College Dist.*, 989 F.3d 291, 296-97 (5th Cir. 2021). Eleventh Amendment immunity applies to suits between a State and a citizen of another state. *Id.*, US Const. XI. The other type is state sovereign immunity, which generally prohibits private suits against states *Id. See Franchise Tax Bd. of Calif. v. Hyatt*, 139 S.Ct. 1485, 1496 (2019). State sovereign immunity protects the State of Texas, state agencies, and their officers. *Tercero*, 989 F.3d at 296-97 *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 n.2 (Tex. 2008).

Sovereign immunity protects governmental entities against suits and legal liabilities. *City of Houston v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018); *see also Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Only immunity from suit – sovereign immunity – implicates the trial court's jurisdiction. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). Because the Plaintiffs seek money damages in the form of attorneys' fees against a state official, sovereign immunity bars this suit unless immunity has been waived. *City of Houston*, 549 S.W.3d at 575. *See City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007) (discussing the heavy presumption in favor of immunity for government actions).

However, Congress did not clearly and unambiguously waive the States' sovereign immunity to a claim for attorneys' fees for a challenge to the constitutionality of a state statute under any theory of recovery, including under 42 U.S.C. § 1988. As a result, Defendant Smith is

entitled to summary judgment on the Plaintiffs' claims for attorney's fees regardless of how this Court rules on the constitutionality of the Texas statutes under attack.

**D.**     **Defendant Smith Is Entitled To Summary Judgment Because The Fifth Circuit Recently Has Rejected Plaintiffs' Identical Claims.**

The statutory framework challenged by Plaintiffs' lawsuit is carefully described by the same Fifth Circuit opinion that entirely forecloses their claims. *Nat'l Rifle Ass'n of America, Inc. v. McCraw ("McCraw")*, 719 F.3d 338, 342-43 (5th Cir. 2013), *cert denied,* 571 U.S. 1196 (2014). In *McCraw*, three individuals aged 18 to 20 and the National Rifle Association ("NRA"), on behalf of its 18-to-20-year-old members, filed a constitutional challenge to Texas' restriction on carrying handguns in public ("Age-Based Restriction"). *See McCraw*, 719 F.3d at 343. "Each of the three individual plaintiffs claim[ed] they wish[ed] to carry a handgun for self-defense but were unable to apply for one solely because of their age." *Id.* Like the plaintiffs in this case, the *McCraw* plaintiffs argued that the 18-to-20-year-olds carry ban violated the Second Amendment by infringing on their purported right to carry handguns in public. *Compare id.* at 346, *with* [Doc. 1], ¶¶1–19. After the U.S. District Court for the Northern District of Texas upheld the Age-Based Restriction, the plaintiffs appealed. *McCraw*, 719 F.3d at 344*.*

On appeal, the Fifth Circuit carefully considered the challengers' claim, applying the Supreme Court's Second Amendment opinion in *District of Columbia v. Heller*, 554 U.S. 570 (2008). *Id.* at 345–49. Considering historic traditions, *McCraw* concluded that "the conduct burdened by the Texas scheme likely falls outside the Second Amendment's protection." *Id.* at 347. Nevertheless, in an abundance of caution, the Fifth Circuit went on to apply intermediate scrutiny to the statutory scheme and "affirm[ed] the district court's conclusion that it does not violate the Second Amendment." *Id.* at 349.

Represented here by the same counsel as in *McCraw*, Plaintiffs "acknowledge that their ***facial*** challenge to Texas' Age-Based Restriction is foreclosed in this Court by [*McCraw*]," but contend that this Court should strike down the laws ***as applied*** to 18-to-20-year-old women. [Doc. 1], ¶19. But Plaintiffs' as-applied challenge cannot overcome *McCraw*'s rationale, and the doctrine of stare decisis compels a summary judgment in favor of Defendant Smith.

### 1. The two-step inquiry applicable to Plaintiffs' Second Amendment claims.

The Fifth Circuit uses a two-step inquiry when reviewing Second Amendment challenges. *Nat'l Rifle Ass'n of America, Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives ("BAFT")*, 700 F.3d 185, 194 (5th Cir. 2012); *U.S. v. Moreno*, 811 F. App'x 219, 224 (5th Cir. 2020). "[T]he first inquiry is whether the conduct at issue falls within the scope of the Second Amendment right," which is determined by "look[ing] to whether the law harmonizes with the historical traditions associated with the Second Amendment guarantee." *BAFT*, 700 F.3d at 194 (citations omitted). "If the challenged law burdens conduct that falls outside the Second Amendment's scope, then the law passes constitutional muster." *Id.* at 195. "If the law burdens conduct that falls within the [] scope," courts proceed to the second inquiry, "apply[ing] the appropriate level of means-ends scrutiny." *Id.* The level of scrutiny "'depends upon the nature of the conduct being regulated and the degree to which the challenged law burdens the right.'" *Id.* (quoting *U.S. v. Chester*, 628 F.3d 673, 682 (4th Cir. 2010)).

### 2. Count 1 fails because, facially and as-applied to Plaintiffs, the 18-to-20-year-old carry ban does not violate the Second or Fourteenth Amendments.

a.   The Age-Based Restriction Is Outside the Scope of the Second Amendment.

Here, Plaintiffs' claim fails at the first level of inquiry, "whether the conduct at issue falls within the scope of the Second Amendment right," as applied to the States through the Fourteenth

Amendment. *See McCraw*, 719 F.3d at 347; *McDonald v. City of Chicago*, 130 S. Ct. 3020, 3050 (2010).  The Fifth Circuit has twice "held that statutes enacted to safeguard the public using age-based restrictions on access to and use of firearms are part of a succession of 'longstanding prohibitions,' *Heller,* 554 U.S. at 626, 128 S.Ct. 2783, that are likely outside the scope of the Second Amendment, because such restrictions are 'consistent with' both the 'longstanding tradition of targeting select groups' ability to access and to use arms for the sake of public safety' and the 'longstanding tradition of age-and safety-based restrictions on the ability to access arms.'" *McCraw*, 719 F.3d at 347 (quoting *BAFT*, 700 F.3d at 203).

"In *BAFT*, the [Fifth Circuit] held that a federal law that restricted 18–20–year–olds' access to and use of firearms by prohibiting federally licensed firearms dealers from selling handguns to those under 21 was consistent with these traditions, because Congress had passed the law to deter violent crime by restricting the ability of minors under 21, who were relatively immature, to buy handguns." *McCraw*, 719 F.3d at 347.  The Fifth Circuit further held that the same Texas scheme challenged by Plaintiffs likely fell outside the Second Amendment's protection for the same reason. *Id.*  As a result, the Age-Based Restriction is consistent with longstanding tradition in this State, and it does not implicate Plaintiffs' constitutional rights.

> b.   The Age-Based Restriction Passes Intermediate Scrutiny.

Even assuming Plaintiffs' claim proceeds to the second step of the inquiry, the factual allegations do not create the reasonable inference of a Second Amendment violation there either. The Fifth Circuit already has resolved the question of what level of scrutiny to apply here.  In *McCraw*, the Fifth Circuit applied intermediate scrutiny because (1) the age-based restriction has "only a temporary effect," (2) it "restricts only the ability to carry handguns in public," and (3) it is "not a complete ban on handgun use; it bans such use only outside a home or vehicle."  719 F.3d at 348.  "The Texas laws advance the same important government objectives as the one upheld in

*BAFT* under the intermediate scrutiny standard, namely, advancing public safety by curbing violent crime." *Id.*

The state law has a "narrow ambit" because it targets a discrete category of 18–20-year-olds, regulating only the carrying of guns in public, and restricts only one type of gun—handguns. *McCraw*, 719 F.3d at 348–49. And, while Texas could have taken other, less restrictive approaches, "the state scheme must merely be reasonably adapted to its public safety objective to pass constitutional muster under an intermediate scrutiny standard." *Id.* "Texas need not employ the least restrictive means to achieve its goal." *Id.*

The Texas scheme is reasonably adapted to its public safety objective, and that is all the Second Amendment requires. For example, a recent study found that states with weaker gun laws have higher rates of firearm related homicides and suicide. *See Price Declaration,* Appx. Smith 009*, at ¶8, and Exhibit "E" thereto, at* Appx. Smith 062. Likewise, in states where elected officials have taken action to pass gun safety laws, fewer people die by gun violence. *See Price Declaration,* Appx. Smith 009*, at ¶9, and Exhibit "F" thereto, at* App. Smith 070-76. Finally, data show that guns drive violence in America. *See Price Declaration,* Appx. Smith 009*, ¶10, and Exhibit "G" thereto, at p.* Appx. Smith 078.

The Texas Legislature's decision to restrict the access of 18-to-20-year-olds to handguns also is validated by the relevant crime statistics from Texas for the year 2020, as compiled by the Texas Department of Public Safety. For example, arrests in 2020 of 20-year-old males for unlawful possession of weapons exceeded those of 21 to 24-year-old males for the same year. *See Price Declaration,* Appx. Smith 008*, ¶3, and Exhibit "A" thereto at* Appx. Smith 0015. Likewise, arrests of 20-year-old females in 2020 exceeded those of 21 to 24-year-old females for the same

period.  *See Price Declaration,* Appx. Smith 008*, ¶3, and Exhibit "A" thereto at* Appx. Smith 0017.

Furthermore, handguns accounted for 50.3% of those murders in which a firearm was the instrument of death.  *See Price Declaration,* Appx. Smith 008*, ¶3, and Exhibit "A" thereto at* Appx. Smith 0019.  For aggravated assaults, 43.3% of all such aggravated assaults involved the use of a firearm.  *See Price Declaration,* Appx. Smith 008*, ¶3, and Exhibit "A" thereto at* Appx. Smith 0030.

While Plaintiffs characterize their first Count as both a facial and "as-applied" challenge, the distinction is without a difference here. *See* [Doc. 1], 16. While "it is well-established that the facial upholding of a law does not prevent future as-applied challenges," it *does* "preclude one resting upon the same asserted principle of law." *In re Cao*, 619 F.3d 410, 430 (5th Cir. 2010). The arguments and legal principles raised in this case rest on the same principle of law rejected by the Fifth Circuit in *McCraw*.

### 3.   *Count 2 fails because, facially and as-applied to Plaintiffs Blakey and FPC's female members, the 18-to-20-year-old carry ban does not violate the Second or Fourteenth Amendments.*

Plaintiffs' allegations regarding the criminal propensities of young women do not bring the Age-Based Restriction within the scope of the Second Amendment, do not diminish the important government interest achieved by the Age-Based Restriction, and do not render the Age-Based Restriction less reasonably adapted to achieve that interest.

a.   Plaintiffs' Allegations Do Not Alter the Step 1 Analysis.

*Heller* noted that, "the right secured by the Second Amendment is not unlimited," and turned to historical and traditional limitations to trace the right's outline. *Heller*, 554 U.S. at 626. The Fifth Circuit has repeatedly held that age-based restrictions affecting 18-20-year-olds fall outside the scope of the Second Amendment because they fit squarely into the historical and

traditional limitations beyond constitutional protection. *BAFT*, 700 F.3d at 203; *McCraw*, 719 F.3d at 347.

Plaintiffs' pleadings do not plausibly suggest the particular allegations purportedly pertaining to Ms. Blakey or the other female members of FPC somehow extend the reach of Second Amendment protections. As noted above, the Age-Based Restriction is actually *less* restrictive than the sole traditional prohibition cited by Plaintiffs when it comes to allowing firearms possession for women. *Heller*, 554 U.S. at 626; *BAFT*, 700 F.3d at 203; *McCraw*, 719 F.3d at 347. Longstanding age-based restrictions on carrying firearms leave the Age-Based Restriction outside the scope of Second Amendment protections, and Plaintiffs' gender-based allegations do nothing to alter *McCraw*'s conclusion that the Age-Based Restriction does not implicate the Second Amendment.

> b.      Plaintiffs' Allegations Do Not Alter the Step 2 Analysis.

Even if it implicates the Second Amendment, the Age-Based Restriction continues to pass intermediate scrutiny. "Texas need not employ the least restrictive means to achieve its goal." *McCraw*, 719 F.3d at 349. The Fifth Circuit has already determined, in a facial challenge, that the Age-Based Restriction is reasonably adapted to achieve an important government interest. *Id*. The Age-Based Restriction serves "the important government interest in public safety through crime prevention." *Id*. at 348. Plaintiffs' gender-based allegations do not appear to challenge this important government interest, but instead challenge whether the Age-Based Restriction is reasonably adapted to achieve this important government interest.

The Age-Based Restriction is reasonably adapted to achieve its purpose. For example, men between the ages of 18-20 are far more likely to be murder victims than women of the same age. *See Price Declaration,* Appx. Smith 008, *¶3, and Exhibit "A" thereto at* Appx. Smith 0025. This

22

undercuts Plaintiff Blakey's contention that, as a woman, she is denied equal protection because she cannot carry a handgun; she is less likely to be a murder victim than a male of similar age.

"[T]he Second Amendment permits categorical limits on the regulation of gun possession by classes of persons...rather than requiring that restrictions on the right be imposed on an individualized, case-by-case basis." *U.S. v. Booker*, 644 F.3d 12, 23 (1st Cir. 2011); *accord BAFT*, 700 F.3d at 204 (quoting *Booker* and citing *Skoien*); *see also Skoien*, 614 F.3d at 640, 641. *BAFT* concluded that age restrictions do not even amount to a categorical ban, and so resemble conditions and qualifications on commercial sales that are presumptively lawful under *Heller*. *BAFT*, 700 F.3d at 206. Indeed, *BAFT* held that 18-20-year-olds prevented from purchasing handguns under a federal statute were a "target" with a "narrow ambit." *BAFT*, 700 F.3d at 205.

The Fifth Circuit's adoption of an analysis that allows for categorical regulation, and that rejects personalized, case-by-case regulation, simply leaves Plaintiffs no avenue to carve themselves out of the already "substantial[ly] tailor[ed]" Age-Based Restriction. *McCraw*, 719 F.3d at 349. The Age-Based Restriction therefore satisfies intermediate scrutiny as applied to Plaintiffs' gender-based claims in Count 2, and Defendant Smith is entitled to summary judgment on all of Plaintiffs' claims against him.

## III.   QUALIFIED IMMUNITY BARS RECOVERY OF ATTORNEYS' FEES

Plaintiffs also are barred from recovering any attorneys' fees from Defendant Smith because he is entitled to qualified immunity from such claim for damages unless his actions violated clearly established law.  [Doc. 34]  *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982): *Davis v. Scherer*, 468 U.S. 183, 197 (1984); *Wilson v. Layne*, 526 U.S. 603, 605-06 (1999) (a state official avoids liability so long as the right at issue is not so well-settled that a reasonable officer could not have believed he was acting properly).

Plaintiffs cannot pierce Defendant Smith's qualified immunity and recover any attorneys' fees from him because: (1) Defendant Smith has not taken any action with respect to any of the Plaintiffs that violates their purported Second Amendment rights—none of them has been charged with a violation of Texas Penal Code § 46.02(a), s*ee Smith Declaration,* Appx. Smith 005*, ¶3;* and (2) Defendant Smith could not have acted in violation of clearly established law because, as the Fifth Circuit recently held in *McCraw*, the Plaintiffs' Second Amendment rights are neither implicated nor violated by Texas Penal Code § 46.02(a).  *McCraw*, 719 F.3d at 348-49.

Alternatively, Defendant Smith is immune from Plaintiffs' claims for attorneys' fees as a result of his immunity as a prosecutor.  District attorneys and other prosecutors are absolutely immune from liability when performing their prosecutorial functions.  *Imbler v. Pachtman*, 424 U.S. 409, 420-24, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Font v. Carr*, 625 S.W.2d 873, 874-76 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.).  This immunity protects prosecutors who perform prosecutorial functions.  *Imbler*, 424 U.S. at 420-24  Prosecutorial functions are those acts representing the government in filing and presenting criminal cases, as well as other acts that are intimately associated with the judicial process.  *Clawson v. Wharton County*, 941 S.W.2d 267, 272 (Tex. App.—Corpus Christi 1996, writ denied).  Such immunity protects a prosecutor even if the prosecutor acts in bad faith or with ulterior motives, so long as he or she acts within the scope of his or her prosecutorial functions.  *Clawson*, 941 S.W.2d at 272.

As a result, Defendant Smith is entitled to immunity as a prosecutor from Plaintiffs' claims for attorneys' fees.  *Charleston v. Pate*, 194 S.W.3d 89, 90-91 (Tex. App.—Texarkana 2006, no pet.) (prosecutorial immunity barred plaintiff's claim for various alleged civil rights violations pursuant to 42 U.S.C. § 1983).

## IV.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant J. Brett Smith, in his official capacity as Criminal District Attorney of Grayson County, Texas, prays this Court to dismiss Plaintiffs' claims for lack of subject matter jurisdiction, or, alternatively, to deny Plaintiffs' claims for relief in their entirety and enter a summary judgment against Plaintiffs on all of their claims, and to grant Defendant Smith such relief as he may show himself justly entitled, at law or in equity.

Respectfully submitted,

/s/ Craig M. Price
CRAIG M. PRICE
Texas Bar No. 16284170
Assistant Criminal District Attorney for Grayson County, Texas
200 S. Crockett St., Suite 116A
Sherman, Texas  75090
Phone: 903-813-4258
Fax: 903-892-9933
pricec@co.grayson.tx.us

**Counsel for Defendant**
**J. Brett Smith, in his Official Capacity as Criminal District Attorney for Grayson County, Texas**

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

/s/ Craig M. Price
CRAIG M. PRICE