IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AIDAN ANDREWS, JORDYN BLAKEY, and FIREARMS POLICY COALITION, INC., *Plaintiffs*, <br><br> v. <br><br> STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety, JOHN FORREST in his official capacity as County Attorney of Parker County, RICHARD E. GLASER, in his official capacity as Criminal District Attorney of Fannin County, and J. BRETT SMITH, in his official capacity as District Attorney of Grayson County, *Defendants*, | § § § § § § § § § § § § § § § § § § | Civil Action No. 4:21-cv-1245 |

## DEFENDANT J. BRETT SMITH'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO SUMMARY JUDGMENT

Defendant J. Brett Smith, in his official capacity as the elected Criminal District Attorney of Grayson County, Texas ("Smith"), files this Reply To Plaintiffs' Response In Opposition To Summary Judgment and respectfully shows this Court the following:

### A. Defendant Smith's Sovereign Immunity Bars Plaintiffs' Claim For Attorneys' Fees.

Plaintiffs argue that the Fifth Circuit "has frequently found sovereign immunity inapplicable under *Young* in the Section 1983 context." *See* Plaintiff's Response, p. 24 (citing *K.P. v. LeBlanc*, 729 F.3d 427, 439 [5th Cir. 2013]).

Because the Plaintiffs seek money damages in the form of attorneys' fees against a state official, sovereign immunity bars this suit unless immunity has been waived. *See City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007) (discussing the heavy presumption in favor of immunity

for government actions).  However, Congress did not *clearly and unambiguously* waive sovereign immunity to a claim for attorneys' fees for a challenge to the constitutionality of a state statute under any theory of recovery, including under 42 U.S.C. § 1988.

Neither the Supreme Court in *Ex Parte Young* nor the Fifth Circuit in *K.P. v. LeBlanc* addressed whether a plaintiff seeking prospective relief from a state official could recover attorney's fees.  *See Ex Parte Young*, 209 U.S. 123, 159 (1908); *LeBlanc*, 729 F.3d at 439.

As a result, Defendant Smith is entitled to summary judgment on the Plaintiffs' claims for attorney's fees regardless of how this Court rules on the constitutionality of the Texas statutes under attack.

    **B.**    **Plaintiffs' Claims For Attorney's Fees Are Also Barred By Prosecutorial Immunity.**

Additionally, district attorneys and other prosecutors are absolutely immune from liability when performing their prosecutorial functions.  *Imbler v. Pachtman*, 424 U.S. 409, 420-24, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Font v. Carr*, 625 S.W.2d 873, 874-76 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.).

This immunity protects prosecutors who perform prosecutorial functions.  *Imbler*, 424 U.S. at 420-24.  Defendant Smith is therefore entitled to immunity as a prosecutor from Plaintiffs' claims for attorneys' fees pursuant to 42 U.S.C. § 1983.  *Charleston v. Pate*, 194 S.W.3d 89, 90-91 (Tex. App.—Texarkana 2006, no pet.).

WHEREFORE, PREMISES CONSIDERED, Defendant J. Brett Smith, in his official capacity as Criminal District Attorney of Grayson County, Texas, prays this Court to dismiss Plaintiffs' claims for lack of subject matter jurisdiction, or, alternatively, to deny Plaintiffs' claims

for relief in their entirety and enter a summary judgment against Plaintiffs on all of their claims, and to grant Defendant Smith such relief as he may show himself justly entitled, at law or in equity.

Respectfully submitted,

/s/ *Craig M. Price*
CRAIG M. PRICE
Texas Bar No. 16284170
Assistant Criminal District Attorney for Grayson County, Texas
200 S. Crockett St., Suite 116A
Sherman, Texas 75090
Phone: 903-813-4258
Fax: 903-892-9933
pricec@co.grayson.tx.us

**Counsel for Defendant**
***J. Brett Smith, in his Official Capacity as Criminal District Attorney for Grayson County, Texas***

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

/s/ *Craig M. Price*
CRAIG M. PRICE