IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AIDAN ANDREWS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:21-cv-01245-P ) |
| STEVEN MCCRAW, et al., | ) District Judge Mark T. Pittman ) |
| Defendants. | ) ) ) |

**RESPONSE TO DEFENDANT MCCRAW'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

On May 23, Defendant Steven McCraw filed a notice of supplemental authority regarding the Fifth Circuit's recent decision in *Jarkesy v. SEC*, No. 20-61008, 2022 WL 1563613 (5th Cir. May 18, 2022), in which the court reaffirmed that "alternative holdings are binding precedent and not obiter dictum" in the Fifth Circuit. *Id.* at *8 n.9 (citation omitted).

*Jarkesy* is instructive, just not in the way Defendant McCraw suggests. In that case, the Fifth Circuit found three separate constitutional violations had occurred in the SEC's enforcement action against Jarkesy and, for each one, clearly stated it was *holding* that a violation had occurred. *Id.* at *13 & n.9. By contrast, the court also clearly stated it was *not* deciding whether the third constitutional violation required the remedy of vacatur because that remained an open (and unnecessary) issue. *Id.* at *13 & n.17. *Jarkesy* is relevant to the parties' dispute over the Fifth Circuit's previous step-one analysis in *National Rifle Association of America, Inc. v. BATFE*, 700 F.3d 185 (5th Cir. 2012) ("*NRA I*") or *National Rifle Association of America, Inc. v. McCraw*, 719 F.3d 338 (5th Cir. 2013) because it illustrates that courts and litigants should take heed of exactly which issues an opinion claims to resolve.

1

As Plaintiffs explained in their briefing on this issue, the Fifth Circuit expressly declined to make alternative holdings in *NRA I* or *McCraw* and declared that its decision rested on step-two grounds alone. *See* Pls.' Br. in Supp. of Mot. for Summ. J. at 10–11, Doc. 58 (Mar. 18, 2022) Pls.' Reply in Supp. of Summ. J. at 2–4, Doc. 65 (Apr. 29, 2022). *Jarkesy* shows that the court could have, if it had wanted to, created binding precedent on both steps of the *NRA I* test, but by stating that it was only "inclined" to resolve the issue on step-one grounds and that its decision was "ultimately" grounded in its step-two analysis, the Fifth Circuit was limiting the precedential effect of its ruling. *NRA I*, 700 F.3d at 204.

Dated: May 31, 2022

Respectfully submitted,

*/s/ David H. Thompson*

R. Brent Cooper
Texas Bar No. 04783250
COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Telecopy: (214) 712-9540

David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
wbergstrom@cooperkirk.com
*Admitted pro hac vice

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 31, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

                                          */s/ David H. Thompson*
                                          David H. Thompson