IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AIDAN ANDREWS, JORDYN BLAKEY, and FIREARMS POLICY COALITION, INC., *Plaintiffs*, | § § § § | |
| v. | § § | |
| STEVEN MCCRAW, in his official capacity as Director of the Texas Department of Public Safety, JOHN FORREST in his official capacity as County Attorney of Parker County, RICHARD E. GLASER, in his official capacity as Criminal District Attorney of Fannin County, and J. BRETT SMITH, in his official capacity as District Attorney of Grayson County, *Defendants*, | § § § § § § § § § § § | Civil Action No. 4:21-cv-1245 |

## DEFENDANT J. BRETT SMITH'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant J. Brett Smith, in his official capacity as the elected Criminal District Attorney of Grayson County, Texas ("Smith"), files this Supplemental Brief in Support of Defendant Smith's Motion for Summary Judgment in the above-referenced and numbered action, pursuant to Fed. R. Civ. P. 56, and respectfully shows this Court the following:

I.

Defendant Smith submits this Supplemental Brief in light of the Court's Order of June 23, 2022, for each party to file a supplemental brief addressing the effect on this case from the opinion in *N.Y. State Rifle & Pistol Ass'n, Inc., v. Bruen*, 597 U.S. ____ (2022) (slip op).

Defendant Smith respectfully adopts and incorporates in full, as his own, the supplemental arguments submitted by the Texas Attorney General's Office on behalf of Defendant Steven C. McCraw, in his official capacity as Director of the Texas Department of Public Safety.

Defendant Smith also provides herein a brief and additional analysis of the holding in *Bruen* to the allegations of Plaintiff Jordyn Blakey, who is the only Plaintiff to assert any standing in Grayson County, Texas, against Defendant Smith.

II.

The United States Supreme Court set forth its holding in *Bruen* very clearly:

> "Today, . . . we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify it's regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command. *Bruen*, 597 U.S. at ___slip op. p. 8 (*citing Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10 [1961]).

Recent Second Amendment precedent does not support supplying a means-end scrutiny in the Second Amendment context, which is what Defendant J. Brett Smith argued in his initial Brief in Support of Motion for Summary judgment, based on the Fifth Circuit precedent in *Nat'l Rifle Ass'n of America, Inc. v. McCraw ("McCraw")*, 719 F.3d 338, 342-43 (5th Cir. 2013), *cert denied*, 571 U.S. 1196 (2014). Now, however, in light of the United States Supreme Court's intervening opinion in *Bruen*, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms. *Bruen*, 597 U.S. _____, slip op. at p. 10.

2

A United States District Court in Florida recently stated that there is no one "true" Founding-Era understanding. *National Rifle Ass'n of Am., Inc, v. Swearingen*, CA 4:18cv137-MW/MAF (N. D. Fla. June 24, 2021), at p. 20. It is much less likely that a broad consensus ever existed as to the right's exact boundaries. *See National Rifle Ass'n, v. Bureau of Alcohol, Tobacco & Firearms*, 700 F.3d 185, 204 (5th Cir. 2012) ("Founders may not even have shared a collective view on such a subtle and fine-grained distinction."). *See also Swearingen*, CA 4:18cv137-MW/MAF, at p. 20. As a result, the district court "cannot say definitively from Founding Era sources whether the Second Amendment protects the purchase of firearms by 18-to-20-year-olds." *See Swearingen*, CA 4:18cv137-MW/MAF, at p. 21.

Case law from jurisdictions across the country confirms that during the late nineteenth and early twentieth centuries, minors' capacity to purchase and own firearms was significantly curtailed. *Powell v. Tompkins*, 926 F. Supp. 2d 367, 387 (D. Mass. 2013).

18-to-20-year-olds were considered minors for most of this nation's history, and society's view on this issue has not changed. 18-to-20-year-olds are still prohibited from purchasing handguns from federally licensed firearms dealers, and eighteen states impose such restrictions. *See Swearingen*, CA 4:18cv137-MW/MAF (N. D at p. 33, n. 27.

In sum, the established consensus of federal and state appellate and district courts from around the country is that age-based restrictions limiting the rights of 18-to-20-year-old adults to keep and bear arms fall under the 'longstanding' and 'presumptively lawful' measures recognized by the Supreme Court as evading Second Amendment scrutiny. *Lara v. Evanchick*, 534 F.Supp. 3d 478, 488-89 (W.D. Pa. 2021).

3

III.

Based on the foregoing historical tradition that recognizes age-based restrictions on the right to bear arms, Plaintiffs' Second Amendment rights have not been impermissibly infringed in this case, and Defendant Smith is entitled to a dismissal, due to lack of standing, or he is entitled to summary judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant J. Brett Smith, in his official capacity as Criminal District Attorney of Grayson County, Texas, prays this Court to dismiss Plaintiffs' claims for lack of subject matter jurisdiction, or, alternatively, to deny Plaintiffs' claims for relief in their entirety and enter a summary judgment against Plaintiffs on all of their claims, and to grant Defendant Smith such relief as he may show himself justly entitled, at law or in equity.

Respectfully submitted,

/s/ *Craig M. Price*
CRAIG M. PRICE
Texas Bar No. 16284170
Assistant Criminal District Attorney for Grayson
County, Texas
200 S. Crockett St., Suite 116A
Sherman, Texas  75090
Phone: 903-813-4258
Fax: 903-892-9933
pricec@co.grayson.tx.us

***Counsel for Defendant***
***J. Brett Smith, in his Official Capacity as***
***Criminal District Attorney for Grayson County,***
***Texas***

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

/s/ *Craig M. Price*
CRAIG M. PRICE